UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ARIEL ROMAN, ) | |
| ) | Case No. 2020-CV-01717 |
| Plaintiff, ) | |
| ) | Judge Andrea R. Wood |
| v. ) | |
| ) | Magistrate Judge Sunil R. Harjani |
| THE CITY OF CHICAGO, a Municipal ) | |
| Corporation, and CPD OFFICERS ) | |
| P.O. MELVINA BOGARD and P.O. ) | |
| BERNARD BUTLER, Individually, ) | |
| ) | JURY DEMAND |
| Defendants. ) | |

**PLAINTIFF'S MOTION TO QUASH DEFENDANT BOGARD'S SUBPOENA DUCES TECUM TO PLAINTIFF'S EXPERT WILLIAM HARMENING**

NOW COMES the Plaintiff, Ariel Roman, by and through his attorneys, Gregory E. Kulis & Associates, Ltd., The Action Injury Law Group LLC, The Law Office of Julian Johnson, LLC, and The Gloria Law Group, for his motion to quash Defendant Bogard's Subpoena *Duces Tecum* Issued to Plaintiff's Expert William Harmening. In support of this motion Plaintiff states as follows:

**INTRODUCTION**

This Section 1983 case arises out of the unjustified shooting of Plaintiff Ariel Roman by Defendant Bogard in 2020, for which Defendant Bogard was criminally charged. For over two years, Defendants sought to have discovery in this case stayed while Defendant Bogard's criminal case languished in the state criminal court. In April of this year, over the strenuous objections of Defendants, the District Court lifted the stay and ordered that discovery proceed. Since then, what has followed has been a continued litany of discovery related issues and

motions that stem from Defendants' scorched earth defense strategy. Once again, the parties are back before this Court on a discovery related issue that was caused by Defendant Bogard.

On September 21, 2022, Plaintiff disclosed his police practices expert, William Harmening, and provided Mr. Harmening's CV, prior testimony, and fee schedule. After receiving the expert disclosure, Defendant Bogard's counsel reached out to Plaintiff's counsels to confirm a deposition date for Mr. Harmening. On October 5, 2022, the parties confirmed Mr. Harmening's deposition will take place on November 16, 2022. On October 6, 2022, Defendant Bogard emailed Plaintiff's counsels a subpoena for Mr. Harmening's deposition and a subpoena for documents. *See* Exh. A, Deposition Subpoena Issued to William Harmening and Exh. B, Subpoena *Duces Tecum* Issued to William Harmening. The fact that Defendant Bogard issued a subpoena for Mr. Harmening's deposition is somewhat confusing, considering that Plaintiff had already coordinated and agreed to produce Mr. Harmening on an agreed upon date. Even more puzzling is Defendant Boogard's subpoena to Mr. Harmening for documents. This subpoena is improper and runs afoul of the Federal Rules of Civil Procedure.

## LEGAL STANDARD

"Upon a timely motion, Rule 45(d) mandates that the court quash or modify a subpoena if the subpoena "subjects a person to undue burden" or "requires disclosure of privileged or other protected matter, if no exception or waiver applies." Fed. R. Civ. P. 45(d)(3)(A)(iii-iv).

## ARGUMENT

### I. Rule 26 Governs Expert Discovery, Not Rule 45

Defendant Bogard's subpoena is predicated upon the assumption that Rule 45 governs excerpt discovery. This is wrong. "To the extent that the issue of the subpoena becomes applicable, Rule 45 of the Federal Rules of Civil Procedure cannot be utilized for obtaining an

expert's files where Rule 26(b)(4) remains the limitation on discoverability." *Hartford Fire Insurance Co. v. Pure Air on the Lake, Ltd. Partnership*, 154 F.R.D. 202, 208 (N.D. Ind. 1993) (quashing subpoena issued to party's retained expert). Other courts have also ruled that it is impermissible to use Rule 45 as a discovery tool to move beyond the bounds set within Rule 26 for expert discovery. *See Morriss v. BNSF Ry. Co.*, 2014 U.S. Dist. LEXIS 3757, 2014 WL 128393, at *5, n. 1 (D. Neb. Jan. 13, 2014) (explaining that "irrespective of the rule deployed, expert discovery beyond the scope of Rule 26(a)(2) and 26(b)(4) is impermissible absent some threshold showing of need"); *Alper v. U.S.*, 190 F.R.D. 281, 283 (D. Mass. 2000) (explaining "Plaintiff's attempt to obtain discovery documents from a party's expert at trial via a Rule 45 subpoena is unauthorized by the federal rules"); *Greer v. Anglemeyer*, 1996 U.S. Dist. LEXIS 1429, 1996 WL 56557, at *2 (N.D. Ind. Jan. 5, 1996) (same).

      Here, Defendant Bogard does just that—she attempts to move around the confines of Rule 26 and use Rule 45 to conduct discovery on Plaintiff's expert and Plaintiff's attorneys. This is improper. The Federal Rules of Civil Procedure are to be followed, not ignored. *In re Sulfuric Acid Antitrust Litigation*, No. 03 C 4576, 2005 U.S. Dist. LEXIS 17420, at *20 (N.D. Ill. Aug. 19, 2005). Defendant Bogard's use of a bare subpoena to Plaintiff's expert was not only improper but an evasion of the expert discovery process. *Newport News Holdings, LLC v. Great American Insurance Co.*, Civil Action No. 4:17cv124, 2018 U.S. Dist. LEXIS 16602, at *5-6 (E.D. Va. Jan. 31, 2018) (quashing subpoena issued to expert because it was procedurally defective and outside of the Rule 26(b)(4) framework.). The methods of discovery allowed under Rules 26 (b)(4) and 30 do not permit the use of Rule 45 subpoenas *duces tecum*. *Marsh v. Jackson*, 141 F.R.D. 431, 433 (W.D. Va. 1992) (quashing subpoena duces tecum issued to expert). "Instead, they operate as a control, or brake if you will, on the potential runaway use of

the subpoena duces tecum to compel the production of the evidence of experts retained by a party to testify at trial." *Id*.

As such, Defendant Bogard's subpoena *duces tecum* to Plaintiff's expert is improper and must be quashed.

## CONCLUSION

Defendant Bogard attempted to conduct an end-run around the Federal Rules of Civil Procedure in hopes of gaining a tactical advantage for her defense in this case. She should not be rewarded for this behavior. For all the reasons stated above, Plaintiff requests that this Court quash the subpoena *duces tecum* issued by Defendant Bogard to Plaintiff's expert William Harmening.

WHEREFORE, Plaintiff respectfully requests this Honorable Court grant his motion to quash the subpoena *duces tecum* issued by Defendant Bogard to Plaintiff's expert and grant any other relief this Court deems just and proper.

          **Respectfully submitted,**
          **ARIEL ROMAN, Plaintiff**

          /s/ *Julian Johnosn*
          *One of Plaintiff's Attorneys*

Andrew M. Stroth
Action Injury Law Group, LLC
191 N. Wacker Drive, Suite 2300
Chicago, Illinois 60606
Phone: (844) 878-4529
astroth@actioninjurygroup.com

Gregory Kulis
Vincenzo B. Caporale
Gregory E. Kulis & Associates Ltd.
30 N. LaSalle Street, Suite 2140
Chicago, IL 60602
Phone: (312) 580-1830
gkulis@kulislawltd.com
vcaporale@kulislawltd.com

Julian Johnson
The Law Office of Julian Johnson, LLC
55 East Monroe Street, Suite 3800
Chicago, Illinois 60603
Phone: (312) 487-1711
julian@julianjohnsonlaw.com

Gloria Rodriguez
The Gloria Law Group
211 W. Wacker Drive
Chicago, IL 60606
Phone: (312) 989-2974
gloria@gloriaslaw.com

### CERTIFICATE OF SERVICE

The undersigned hereby certifies that the above **PLAINTIFF'S MOTION TO QUASH DEFENDANT BOGARD'S SUBPOENA DUCES TECUM TO PLAINTIFF'S EXPERT WILLIAM HARMENING T** was filed on October 13, 2022 with the Northern District of Illinois ECF System, serving a copy on all attorney of record.

*/s/ Julian Johnson*
One of Plaintiff's Attorneys