**Exhibit B**

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Northern District of Illinois

| | |
|---|---|
| ARIEL ROMAN, *Plaintiff* v. CITY OF CHICAGO, ET AL., *Defendant* | Civil Action No. 20 CV 1717 |

**SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION**

To: WILLIAM HARMENING
C/O JULIAN JOHNSON

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: SEE ATTACHED RIDER

| Place: BORKAN & SCAHILL, LTD. 20 S. Clark Street, Suite 1700, Chicago, IL 60603 | Date and Time: 10/19/2022 10:00 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 10/05/2022

*CLERK OF COURT*

OR

_____     /s/ Whitney N. Hutchinson
*Signature of Clerk or Deputy Clerk*     *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Defendant, Bogard , who issues or requests this subpoena, are:
Whitney N. Hutchinson, Borkan & Scahill, Ltd., 20 S. Clark., #1700, Chicago, IL 60603, whutchinson@borkanscahill.com 312-580-1030

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

Case: 1:20-cv-01717 Document #: 165-2 Filed: 10/13/22 Page 2 of 6 PageID #:1094

**Exhibit B**

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 20 CV 1717

# PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

via email: julianjohnsonlaw.com

_____ on *(date)* 10/05/2022 ; or

☐ I returned the subpoena unexecuted because: _____
_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: 10/05/2022

/s/ Elena Favela
*Server's signature*

Elena Favela, Legal Assistant
*Printed name and title*

20 South Clark, Chicago, IL 60603
*Server's address*

Additional information regarding attempted service, etc.:

Case: 1:20-cv-01717 Document #: 165-2 Filed: 10/13/22 Page 3 of 6 PageID #:1095

Exhibit B

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
     **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

     **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
   **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**Exhibit B**

# RIDER TO SUBPOENA DUCES TECUM TO WILLIAM HARMENING

## Definitions and Instructions

1.     The term "Document" shall have the broadest possible meaning under the Federal Rules of Civil Procedure and shall include any handwritten, typed, photographed, computerized, audio, video, or other graphic matter, regardless of how it is printed, stored or reproduced, in the possession and/or control of Defendant or known by Defendant to exist, whether or not claimed to be privileged or otherwise excludable from discovery. Any document with any marks or notations, including but limited to: initials; routing instructions; date stamps; and any comment, marking or notation of any character, is to be considered a separate document.

2.     If there are no Documents in your possession, custody or control that are responsive to a particular request, please so state and identify such request.

3.     If any Documents responsive to this request are known by you to exist but are not in your possession, custody or control, identify those Document(s) and the Person who has possession, custody or control thereof.

4.     "Identify" with respect to a Person, shall mean to provide that Person's name, address and telephone number; with respect to a Document, "identify" shall mean to provide the date of the document, the author of the Document, the subject matter of the Document and, where applicable, all recipients of the Document; with respect to a Communication, "identify" shall mean to identify the Person making the Communication, to provide the date and subject matter of the Communication and to identify all Persons receiving the Communication.

5.     "Relate," "relating to," or "regarding" shall mean directly or indirectly mentioning or describing, pertaining to, being connected with, reflecting upon, or having any logical or factual connection with a stated subject matter.

6.     "Communication" means the exchange of information between two or more Persons, whether orally, in writing, or by any other means. This includes but is not limited to letters, memos, e-mails, notes, correspondence, recording, or the like.

7.     "Person" shall refer to any individual, corporation, partnership, organization, or other legal entity.

8.     "And" and "or" mean "and/or" so that the terms are given their broadest possible meaning. In construing a request, the singular shall include the plural and the plural shall include singular, and use of a masculine, feminine or neuter pronoun shall not exclude any of the others. The past tense includes the present and the present tense includes the past, where the clear meaning is not destroyed by the change.

9.     If any Document is withheld under claim of privilege, please list, rather than produce, any such document with respect to which you claim a privilege, identifying the source and nature of the privilege.

**Exhibit B**

**Documents Requested**

1. Any and all documents and materials prepared by you in forming your opinions in this case, including but not limited to notes, recordings, test results, summaries, memoranda, transcripts and draft reports.

2. A stated estimate of revenue earned from any and all legal expert work conducted by you over the past four years, broken down by the person or entity who retained you. This request includes any revenue generated by you from providing expert testimony or reports in civil or criminal litigation, as well as any legal expert consulting conducted by you in this time period.

3. All documents and communications in your possession, custody, or control relating to Ariel Roman's civil litigation and/or to the criminal prosecution of Bogard.

4. All documents provided to you or obtained by you that you relied upon for your opinions in this case.

5. Your reports from any cases in which you have been retained as an expert by Gregory E. Kulis & Associates, Ltd., Action Injury Law Group, The Gloria Law Group, or Julian Johnson, LLC in the past ten years.

6. All documents provided to you or obtained by you that you do not rely upon for your opinions in this case.

7. Copies of any report(s) disclosed by you in any case pertaining to the subject matter of your report in this case.

8. All correspondence and documents pertaining to your retention, billing, invoicing, or the payment of money exchanged between you and Gregory E. Kulis & Associates, Ltd., Action Injury Law Group, The Gloria Law Group, or Julian Johnson, LLC.

9. Copies of all documents relevant to your report in this case that you reviewed prior to issuing your report in this case.

10. Copies of any communication between you and any third-party witness or party to this case.

11. Copies of any publications, articles, texts and other writings relied on or referenced in your report disclosed in this case.

12. Copies of documents relating to complaints made against you, or discipline or sanctions imposed upon you, at any time in your professional career.

13. Copies of all presentations, lectures or talks that you have given in the past ten years that relate to the subject matter of your report in this case.

**Exhibit B**

14. Any video or images created by, or modified by you relating to Ariel Roman's civil litigation and/or to the criminal prosecution of Bogard.