**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| ARIEL ROMAN, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.: 20 CV 01717 |
| | ) | |
| CITY OF CHICAGO, A MUNICIPAL | ) | |
| CORPORATION AND CPD OFFICER | ) | Judge Andrea R. Wood |
| MELVINA BOGARD AND CPD OFFICER | ) | Magistrate Judge Sunil R. Harjani |
| BERNARD BUTLER | ) | |
| Defendants. | ) | |

**DEFENDANT BOGARD'S RESPONSE TO PLAINTIFF'S MOTION TO
QUASH HER SUBPOENA DUCES TECUM TO PLAINTIFF'S
EXPERT WILLIAM HARMENING**

NOW COMES Defendant, MELVINA BOGARD, by and through her undersigned attorneys, and for her Response in opposition to Plaintiff's Motion To Quash Defendant Bogard's Subpoena Duces Tecum to Plaintiff's Expert William Harmening, states as follows:

**INTRODUCTION**

Plaintiff, a party who has adamantly asserted multiple times in open Court that he has "nothing to hide," is now improperly attempting to limit the scope of expert discovery in this case by raising a single, incorrect procedural objection to Defendant Bogard's subpoena and moving to quash. *See* Dkt. 165. "The Federal Rules of Civil Procedure strongly favor full discovery whenever possible, and generally entitles a civil litigant to discovery of any information sought if it appears reasonably calculated to lead to the discovery of admissible evidence." *Cadle v. Geico Gen Ins. Co.*, 2014 WL 12639859, *3 (M.D. Fla, 2014). (internal citations omitted). "Expert testimony is often critical to the outcome of litigation and effective cross-examination may be impossible in the absence of adequate discovery through the use of depositions and requests for production of background documents." *North Carolina Elec. Membership Corp. v. Carolina Power & Light Co.*, 108 F.R.D. 283, 285 (M.D. N.C. 1985) (internal quotation omitted). Plaintiff's attempt to deprive the parties of relevant documentation

1

regarding his disclosed expert witness should be denied for three separate, independent reasons. First, Plaintiff does not assert that the subpoena at issue seeks privileged or protected documentation, so he has no standing to bring his motion to quash. Second, even if Plaintiff did have standing, his motion is still procedurally deficient as he has failed to comply with both Local Rule 37.2 and this Court's standing orders. And third, despite Plaintiff's representations, the case authority does not prohibit the issuance of a subpoena under Rule 45 to a party's disclosed expert, where the subpoena is issued in tandem with a request to depose the witness and is timely issued during expert discovery in the case. As such, this Court should deny Plaintiff's Motion to quash Defendant Bogard's subpoena to Mr. Harmening.

### ARGUMENT

#### I.     Denial Of The Motion Is Warranted As Plaintiff Lacks Standing.

First and simply, this Court should deny Plaintiff's motion as he lacks standing to challenge this subpoena for the grounds asserted. Plaintiff's motion and objections are asserted on behalf of Plaintiff and not Mr. Harmening. *See* Dkt. 165. In making this motion, Plaintiff's sole objection is that Defendant Bogard's subpoena is improper because Plaintiff believes that discovery related to experts is governed by Rule 26 and not Rule 45. *Id.* at pp. 2-5. Setting aside that the case authority does not support that belief (as addressed below), from a procedural perspective it is critical that Plaintiff does not challenge the relevance of the information requested, nor does he assert any claim of privilege over the information the subpoena seeks to collect. *See id.*

"Generally speaking, a party does not have standing to quash a subpoena served on a third party" where the party does not assert a claim of privilege over the information being sought. *Greer v. Anglemeyer*, 1996 WL 56557, *1 (N.D. Ind. 1996) (denying the plaintiff's motion to quash subpoena to

expert on the grounds that she "lacked standing to object or move to quash")[1] (citing *Windsor v. Martindale*, 175 F.R.D. 665, 668 (D. Colo. 1997)); *see also Thomas v. Marina Associates*, 202 F.R.D. 433, 434 (E.D. Penn. 2001) (explaining that the Court needs to decide whether a subpoena may be properly issued to a party's expert witness under Rule 45 because the challenging party "does not have standing to challenge these subpoenas."); *Parker v. Four Seasons Hotels, Ltd.*, 291 F.R.D. 181, 186 (N.D. Ill. 2013) (denying a plaintiff's motion to quash a subpoena because "though a party may have standing to quash a subpoena addressed to another if it infringes on the movant's legitimate interest, plaintiff did not assert that its own rights would be violated if the subpoenas were enforced."). Plaintiff has provided no authority or explanation to support that he has standing to challenge this subpoena. *See* Dkt. 165. Accordingly, this Court should deny Plaintiff's motion because he lacks standing.

## II. Plaintiff's Motion Is Also Deficient As He Failed To Comply With The Meet And Confer Requirements Set by Local Rule 37.2 And This Court's Standing Orders.

Furthermore, even if Plaintiff did have standing to assert the objections raised in his Motion to Quash, Plaintiff's Motion still fails as he did not comply with the meet and confer requirements set by Local Rule 37.2 and this Court's standing order. N.D. Ill. R. 37.2; Meeting Requirements on Motions, https://www.ilnd.uscourts.gov/judge-info.aspx?MeVL3EZaKwjHnDaZ+5Vfsw== (last visited Oct. 20, 2022). As set forth in Plaintiff's motion, Defendant Bogard issued the subpoena on October 6, 2022. Dkt. 165. Plaintiff filed his motion on October 13, 2022 without any contact with Defendant Bogard or any indication of an effort to resolve his objections to the subpoena. Plaintiff's motion does not, as required by this Court's standing order, "state with specificity when and how the movant complied with Local Rule 37.2." *See* Dkt. 165; https://www.ilnd.uscourts.gov/judge-

---

[1] Interestingly, the *Greer* decision is authority cited by Plaintiff in support of his motion. *See* Dkt. 165 at p. 3 (citing *Greer*, 1996 WL 56557 at *2). However, there is no acknowledgement by Plaintiff that the opinion specifically holds that the party does not have standing to bring the motion to quash. *See* Dkt. 165; *Greer*, 1996 WL 56557, at *1. Nor does Plaintiff provide any explanation for why that portion of the holding in *Greer* does not procedurally bar this specific motion. *See* Dkt. 165; *Greer*, 1996 WL 56557, at *1.

info.aspx?MeVL3EZaKwjHnDaZ+5Vfsw==. Nor does Plaintiff explain why he should be excused from those requirements prior to filing his motion to quash. *See* Dkt. 165*; Parker*, 291 F.R.D. at 184 (discussing how Local Rule 37.2 applies to motions to quash). "Given the mandatory language of Local Rule 37.2, the Court could deny [the Plaintiff's] motion" for failure to comply. *Parker*, 291 F.R.D. at 184. Consequently, Plaintiff's failure to comply with the mandatory rules pertaining to meet and confer requirements provides a second, independent procedural basis to deny his motion to quash.

### III.      Defendant Bogard's Subpoena Is Proper Because Discovery Of Expert Witness Information Is Not Limited By Rule26(a)(2)(B).

In addition to the multiple procedural deficiencies, this Court should also deny Plaintiff's Motion because the single argument he asserts as his basis to quash the subpoena – that discovery related to experts is solely governed by Rule 26 and not Rule 45 – is incorrect. Dkt. 165. In making that argument, Plaintiff challenges the scope of expert discovery, actively attempting to limit the parties' access to information collected in tandem with the deposition of a disclosed expert. However, Plaintiff's blanket argument that subpoenas issued under Rule 45 may not be used to circumvent the limitations of expert discovery set forth in Rule 26 has been expressly and unequivocally rejected.

It is notable that Plaintiff fails to cite any authority from this District evaluating this specific issue. While such authority is admittedly limited, the analysis in *Expeditors International of Washington, Inc. v. Vastera, Inc.*, 2004 WL 406999, *3 (N.D. Ill. 2004) is instructive on this precise question, but yet, was not included in Plaintiff's analysis. *See* Dkt. 165.

In *Expeditors*, like in this case, a party issued a subpoena under Rule 45 to an opposing party's disclosed expert. In response to the party's motion to compel compliance with the subpoena issued under Rule 45 (as well as sanctions), the expert attempted to challenge the validity of the subpoena by arguing that the subpoena was improper because document discovery regarding a party's testifying expert must proceed only under Rule 26 and the appropriate provisions of Rule 34, not through the use of a subpoena *duces tecum* under Rule 45. *Expeditors*, 2004 WL 406999, at *3. In support of that

4

position, the expert cited (as Plaintiff does here) the decision in *Marsh v. Jackson*, 141 F.R.D. 431, 432 (W.D.Va. 1992).

The *Expiditors* Court evaluated the expert's argument, but found that his "reliance on *Marsh* in support of the proposition regarding a blanket prohibition against serving document subpoenas on experts is misplaced." *Id.* The Court explained that "[a]t most, *Marsh* criticizes the service of subpoenas on experts to obtain information pertaining directly to the party, but it does not prohibit the use of a subpoena 'to uncover information about other cases' in which an expert has been served." *Id.* (citing *Thomas v. Marina Assoc.*, 202 F.R.D. 433, 434 (E.D. Pa. 2001) (denying motion to quash subpoenas directed to expert); *Quale v. Carol Cable Co.*, Civ. A. No. 90-7415, 1992 W: 277981, at *2 (E.D. Pa. 1992) (discussing *Marsh* and granting motion to compel discovery regarding expert's opinions pursuant to subpoena)). As such, the *Expeditors* Court rejected the expert's objections and compelled his compliance with the subpoena finding that "a subpoena *duces tecum* issued pursuant to Rule 45 is an appropriate discovery mechanism against nonparties such as a party's expert witness." *Id.* (citing Fed. R. Civ. P. 34(c) ("A person not a party to the action may be compelled to produce documents and things ... as provided in Rule 45"); *All W. Pet Supply Co. v. Hill's Pet Prods. Div.*, 152 F.R.D. 634, 639 (D. Kan. 1993) ("With regard to nonparties such as plaintiff's expert witness, a request for documents may be made by subpoena *duces tecum* pursuant to Rule 45."); *Western Res., Inc. v. Union Pacific R.R. Co.*, 2002 WL 1822428, *3 (D. Kan. 2002) (ordering expert to produce testimony pursuant to Rule 45 subpoena)); *see also Lawrence E. Jaffe Pension Plan v. Household Intern., Inc.*, 2008 WL 687220, *2 (N.D. Ill. 2008) ("It is clear, however, that 'a subpoena *duces tecum* issued pursuant to Rule 45 is an appropriate discovery mechanism against nonparties such as a party's expert witness."). Thus, the *Expiditors* Court expressly rejected the attempt to nullify the subpoena *duces tecum* issued to a disclosed expert witness simply because it was issued under Rule 45 and not Rule 26. *Id.*

Indeed, beyond this District's analysis in *Expiditors*, multiple courts in evaluating this same specific question – whether a party may issue a subpoena to a disclosed expert witness under Rule 45, during the pendency of discovery in conjunction with a deposition – have found that Rule 26 does not limit the scope of expert discovery as stringently as Plaintiff avers. For instance, the discussion in *Ladd Furniture, Inc. v. Ernst & Young*, 1998 WL 1093901 (M.D.N.C. Aug. 27, 1998) is also persuasive.

In *Ladd*, the Court found "that discovery of expert witness information is not limited by Rule 26(a)(2)(B) or to those matters upon which the testifying expert relied." 1998 WL 1093901, at *11. In particular, the *Ladd* Court rejected a party's attempt to limit discovery of expert witness information from that which is not specifically mentioned in Rule 26(a)(2)(B) explaining:

> [i]n the text, Rule 26(a)(2)(B) provides for the mandatory disclosure of certain expert witness information, even without a request from the opposing party. However, there is no indication on the face of the rule to suggest that a party is absolutely prohibited from seeking any additional information about an opponent's expert witnesses. In fact, Rule 26(b)(1) describes the scope of allowable discovery as follows: "Parties may obtain discovery regarding *any matter,* not privileged, which is relevant to the subject matter involved in the pending action....".

*Id.* (quoting Fed. R. Civ. P. 26(b)(1)) (emphasis in original). Thus, the Court found that since there was no dispute to the relevance of the information sought by the subpoena to the expert, "it appears to this Court that Rule 26(b)(1) would allow the discovery of the information at issue." *Id.*

The *Ladd* Court further explained that in addition to the text of Rule 26, it found significant that the Advisory Committee which created the mandatory disclosure requirement in Rule 26(a)(2)(B) explicitly stated that:

> [t]he enumeration in Rule 26(a) of items to be disclosed does not prevent a court from requiring by order or local rule that the parties disclose additional information without a discovery request. *Nor are parties precluded from using traditional discovery methods to obtain further information regarding these matters, as for example asking an expert during a deposition about testimony given in other litigation beyond the four-year period specified in Rule 26(a)(2)(B).*

*Id.* (quoting Advisory Comm. Notes for 1993 Amends, to Fed. R. Civ. P. 26(a)) (emphasis in original). Consequently, to the extent the subpoena sought the disclosure of information about its experts'

previous case experiences which is not within the scope of Rule 26(a)(2)(B), the *Ladd* Court held that "the specific example used by the Advisory Committee in the above-quoted passage reveals" the party's position in attempting to quash the subpoena is without merit. *Id.* Moreover, to the extent that the subpoena seeks the disclosure of the notes and draft reports of its experts, the *Ladd* Court found it to be noteworthy that other courts have found such notes and drafts to be discoverable and have compelled the disclosure of such documents upon an opposing party's request. *See id.* (citing *B.C.F. Oil Refining, Inc. v. Consolidated Edison Co.*, 171 F.R.D. 57, 62 (S.D.N.Y. 1997) (compelling the disclosure of documents which were generated by an expert "in connection with the preparation of his expert report and testimony.")).

Similarly, in *Cadle v. Geico Gen Ins. Co.*, the Court held that "a subpoena issued pursuant to Rule 45, Federal Rules of Civil Procedure, is an appropriate means of obtaining information and materials from an opposing party's testifying expert witness." 2014 WL 12639859 at *3. In reaching that conclusion, the *Cadle* Court stressed how the Federal Rules of Civil Procedure "strongly favor full discovery whenever possible, and generally entitles a civil litigant to discovery of any information sought if it appears reasonably calculated to lead to the discovery of admissible evidence." *Id.* (internal citations omitted). While "Rule 26(a)(2)(B) represents the minimum amount of information and materials a testifying expert witness must disclose to the opposing party", it "does not prohibit a party from obtaining information beyond the foregoing categories through the use of other discovery methods, such as a subpoena." *Id.* (citing *see, e.g.,* Fed. R. Civ. P. 26(a)(2)(B) advisory committee's note (1993 amendments); *Modjeska v. United Parcel Serv.*, 2014 WL 2807531, at *6 (E.D. Wis. June 19, 2014); *U.S. v. Bazaarvoice, Inc.*, 2013 WL 378240, at *2 (N.D. Cal. July 2013)). "In light of the foregoing, the Court finds that a subpoena is an appropriate means of obtaining relevant and discoverable information and materials from a testifying expert witness." *Id.* (citing *see, e.g., Bazaarvoice*, 2013 WL 3784240, at *3 (finding that a party "can use different discovery tools to illuminate and challenge

expert testimony" including a Rule 45 subpoena); *Modjeska*, 2014 WL 2807531, at *6 (same); *Expeditors*, 2004 WL 406999, at *3 (same)). Therefore, given that significant case law, including authority from this District, makes clear that a subpoena *duces tecum* issued pursuant to Rule 45, such as the one issued by Defendant Bogard to Mr. Harmening to collect documents in tandem with her request for his deposition as part of expert discovery, are an appropriate discovery mechanism against a party's disclosed expert witness. Plaintiff's single argument in support of his motion to quash is substantively incorrect.

### A. Plaintiff's citation to authority is highly misleading.

Additionally, not only is there substantial authority which holds inapposite to Plaintiff's position as addressed above, the holdings of many of the cases Plaintiff has cited in support of his motion to quash have been significantly misrepresented in an attempt to deprive Defendants of valid expert discovery in this case. To wit, a complete review of much of Plaintiff's cited authority not only shows that the cases are factually distinguishable but also that Plaintiff's representations of their holdings in an attempt to limit discovery are disingenuous.

As an example, Plaintiff quotes a sentence from the decision in *Hartford Fire Insurance Co. v. Pure Air on the Lake, Ltd. Partnership*, 154 F.R.D. 202, 208 (N.D. Ind. 1993) to suggest that Rule 26 is a complete bar from the issuance of a subpoena to an expert under Rule 45. Dkt. 165 at pp. 2-4. What Plaintiff's Motion does not address is that the subpoena at issue in *Hartford* was sent to collect information from a party's <u>consulting expert</u>. *Hartford*, 154 F.R.D. at 208. Consequently, the standard guiding the *Hartford* Court's analysis is inapplicable. *Id.* at 207-208. Defendant Bogard's subpoena is to collect information from a witness disclosed by Plaintiff as a <u>testifying expert</u> and not merely a non-testifying consultant. Thus, Plaintiff's suggestion that the analysis and holding in *Hartford* is persuasive is inappropriate and should be disregarded by this Court in its analysis.

Similarly, Plaintiff's citation to *Alper v. U.S.*, 190 F.R.D. 281 (D. Mass. 2000) is another example of his reliance on a highly distinguishable case. Dkt. 165 at p. 3. There, the *Alper* Court quashed the subpoena not because it was issued under Rule 45 as opposed to Rule 26, but because of the timing of when the subpoena was issued. *Alper*, 190 F.R.D. at 283-84. The subpoena in *Alper* was issued only about 68 days before trial as a "trial subpoena" to a disclosed expert who the plaintiff chose not to depose, long after the close of discovery in the case. *Id.* at 282. The *Alper* Court quashed the portion of the subpoena which required the expert to "bring documents to the trial" as the plaintiff was improperly attempting to use Rule 45 to obtain discovery documents from a party's expert at trial. *Id.* at 283-84. Rule 45 subpoenas, the *Alper* Court explained, "are intended to secure the *pre-trial* production of documents and things [. . .] and therefore, are subject to the same time constraints that apply to all of the other methods of formal discovery." *Id.* at 284 (quoting *Marvin Lumber & Cedar Co. v. PPG Indus., Inc.*, 177 F.R.D. 443, 443 (D. Minn. 1997) (emphasis added)). As such, the Court's decision in *Alper* did not turn on whether the expert discovery was pursuant to Rule 45 as opposed to Rule 26. Instead, the *Alper* Court's decision to quash the portion of the subpoena aimed at the collection of documents was based on the fact the subpoena was untimely as it was issued after the expiration of the discovery schedule. *Id.* 283-84.

Accordingly, Plaintiff's citation to *Alper* is another example of Plaintiff misrepresenting case authority in an attempt to improperly limit expert discovery. Dkt. 165 at p. 3 (insinuating that *Alper* broadly prohibits the collection of documents from an expert under Rule 45). In actuality, *Alper* is inapplicable here as the parties have only just initiated expert discovery and the subpoena itself was issued in conjunction with the request to take the deposition of Mr. Harmening. The subpoena to Mr. Harmening was issued only 15 days after the disclosure of Mr. Harmening and his opinions and 46 days before the deadline to complete the deposition of Mr. Harmening, well within the timeframe set by this Court to complete such discovery. Dkt. 165 at p. 2; Dkt. 149 (extending expert discovery at

Plaintiff's request, requiring the competition of the depositions of Plaintiff's experts by November 21, 2022). Consequently, the holding in *Alper* is inapplicable to the analysis of this specific subpoena.

Furthermore, Plaintiff's reliance on *Marsh v. Jackson*, 141 F.R.D. 431 (W.D. Va. 1992) is also misleading, as again, the analysis in that case is factually distinguishable from the question before this Court. In *Marsh*, the subpoena was a bare subpoena, issued to collect documents without the intention to take a deposition of the witness under Rule 30. *Marsh*, 141 F.R.D. at 433. There, the issuing party argued that the Rule 45 subpoena was in an attempt to limit costs and potentially prevent the need for a costly deposition. *Id.*

Plaintiff has attempted to frame the Defendant Bogard's subpoena as a "bare subpoena" so as to align it with the analysis in *Marsh* is factually incorrect. *See* Dkt. 165 at p. 3. Those are not the factual circumstances before this Court. Dkt. 165 at p. 2; Dkt. 165-1. As set forth in Plaintiff's motion, Defendant Bogard worked with counsel for an agreed date to complete Mr. Harmening's deposition and issued a subpoena both for his testimony as well as document production. Dkt. 165 at p. 1; Dkt. 165-1; Dkt. 165-2.

A complete review of the *Marsh* decision does not indicate that such a course or action would be prohibited. In fact, the *Marsh* Court made clear that its decision hinged on the defendant's choice to issue a bare subpoena, without the intention of completing a deposition. *Marsh*, 141 F.R.D. at 433; *see also In re Detention of West*, 171 Wash.2d 383, 408 fn. 9 (explaining that the holding in *Marsh* is limited in its prohibition of a bare subpoena duces tecum, and thus was distinguishable where the defendant "served the subpoena duces tecum in tandem with a deposition notice."). Importantly, the *Marsh* Court further explained that "[i]n the event a party wishes to deal directly with the opponent's expert, Rule 30 permits the use of a deposition. <u>In conjunction with that deposition, the expert might be served also with a Rule 45 subpoena *duces tecum* requiring him to produce a designated list of materials or things</u>." *Id.* (emphasis added). Yet, this portion of the *Marsh* opinion, which expressly acknowledges

the appropriateness of the use of a subpoena under Rule 45 in conjunction with a deposition of the expert, is entirely ignored by Plaintiff. *See* Dkt. 165. There is no explanation or even acknowledgment of this portion of the order. *See id.* Instead, again Plaintiff relies on a case for the broad proposition that is not at all applicable to the facts in this case as Bogard has not issued a "bare" subpoena, regardless of Plaintiff's attempt to spin it as such.

Accordingly, a complete review of the decisions cited in Plaintiff's motion belies the disingenuous nature of his attempt to limit Defendants' access to expert discovery in this case. Defendant Bogard's issuance of a subpoena to Mr. Harmening is not an attempt to "move around the confines of Rule 26 and use Rule 45 to conduct discovery on Plaintiff's expert and Plaintiff's attorneys" as Plaintiff so avers. Dkt 165 at p. 3. Authority discussed herein makes abundantly clear that a party may during expert discovery, as Defendant Bogard has, issue a subpoena under Rule 45 to a disclosed expert witness. The allegations in this case are significant, requiring serious consideration. The fact that Defendants are utilizing the tools set forth in discovery to fully litigate this case is not, as Plaintiff avers, an improper or "scorched earth" tactic. Insinuations to the contrary, that Defendants have somehow conducted themselves unprofessionally in discovery is inappropriate and unfounded. Defendant Bogard's subpoena to Mr. Harmening is an appropriate tool for use during what may be a critical portion of discovery, and Plaintiff's citation to authority to suggest otherwise is without merit. This Court should not allow Plaintiff to limit expert discovery in this manner, and deny his Motion to Quash. Defendant Bogard's subpoena should be allowed to stand, with the response date of October 19, 2022 to ensure the parties' forward progress with expert discovery. Dkt. 165-2 at p. 1.

WHEREFORE, Defendant, MELVINA BOGARD, respectfully requests this Court deny Plaintiff's Motion to Quash Defendant Bogard's Subpoena Duces Tecum to Plaintiff's Expert William

Harmening, allow the response date of October 19, 2022 set forth in the subpoena to stand (Dkt. 165-2); and for any other such relief which this Court deems proper.

Respectfully submitted,

By: /s/ Whitney N. Hutchinson
Whitney N. Hutchinson
Borkan & Scahill, Ltd.
Special Assistant Corporation Counsel
20 S. Clark Street, Suite 1700
Chicago, Illinois 60603
(312) 580-1030

*Attorney for Melvina Bogard*