UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ARIEL ROMAN, | ) | |
| | ) | Case No.  2020-CV-01717 |
| Plaintiff, | ) | |
| | ) | Judge Andrea R. Wood |
| v. | ) | |
| | ) | Magistrate Judge Sunil R. Harjani |
| THE CITY OF CHICAGO, a Municipal | ) | |
| Corporation,  and CPD OFFICERS | ) | JURY DEMAND |
| P.O. MELVINA BOGARD and P.O. | ) | |
| BERNARD BUTLER, Individually, | ) | |
| | ) | |
| Defendants. | ) | |

## PLAINTIFF'S REPLY IN SUPPORT OF HIS MOTION TO QUASH DEFENDANT BOGARD'S SUBPOENA DUCES TECUM TO PLAINTIFF'S EXPERT WILLIAM HARMENING

NOW COMES the Plaintiff, Ariel Roman, by and through his attorneys, Gregory E. Kulis & Associates, Ltd., The Action Injury Law Group LLC, The Law Office of Julian Johnson, LLC, and The Gloria Law Group, for his reply brief in support of his motion to quash Defendant Bogard's Subpoena *Duces Tecum* Issued to Plaintiff's Expert William Harmening. In support of this reply brief Plaintiff states as follows:

## INTRODUCTION

The Northern District of Illinois is one the nation's busiest federal districts and Section 1983 police misconduct cases account for a substantial portion, if not the majority, of this District's civil docket. These cases run the gamut from minor unlawful traffic stop cases, excessive force cases, false arrest cases, and all the way to wrongful conviction cases where a plaintiff has spent decades in prison for a crime they didn't commit. The damages range from nominal amounts to verdicts and settlements in the tens of millions of dollars. Despite the

overwhelming number of Section 1983 police misconduct cases that courts in this District supervise, Defendant Bogard is unable to cite to a single case where a defendant (or plaintiff for that matter) has sought to use Rule 45 to conduct additional discovery into a Rule 26(a)(2)(B) police practices expert—**not a single case.** Instead, she cites to a few inapposite cases from this district and to cases from around the country that together amount to a strung-together hodgepodge argument that on the surface appears to support her position, but upon a closer look reveals that Defendant Bogard engages in a form of legal gymnastics by twisting and contorting caselaw to fit her round hole argument into a square peg solid legal foundation. The fact remains uncontested that Defendant Bogard is using Rule 45 to go around the confines of Rule 26(a)(2)(B) to conduct discovery into Plaintiff's disclosed expert and Plaintiff's attorneys. Plaintiff's objection to this tactic has been upheld by courts around the country and this Court should not depart from solid legal framework rejecting Defendant Bogard's backdoor litigation attempt.

## ARGUMENT

### I.     Plaintiff Has Standing To Seek The Quashing Of Defendant Bogard's Subpoena.

Defendant Bogard puts forth an interesting argument for why Plaintiff does not have standing to quash the subpoena she issued to Plaintiff's expert. Defendant Bogard argues the subpoena she issued was to Mr. Harmening and not Plaintiff. While this is true, it's a disingenuous argument because Defendant Bogard sent the subpoena for Mr. Harmening to Plaintiff, through his counsel. At the time she issued the subpoena, Defendant Bogard must've considered Plaintiff to be Mr. Harmening's representative in this litigation or she would have served Mr. Harmening personally.

Defendant Bogard argues that Plaintiff did not address standing in his motion to quash. Plaintiff did not anticipate that Defendant Bogard would send a subpoena to Mr. Harmening, through Plaintiff's counsel, and then later claim that Plaintiff could not act on behalf of his retained expert in this litigation. However, it appears that Defendant Bogard does not see the conflicting and contradictory nature of her standing argument. Defendant Bogard's contention that Plaintiff does not have standing is without merit; "it is an impractical position that a hired expert witness must hire his own counsel to seek to be protected from discovery that might harm the party for whom he has been hired to testify." *Tewari De-Ox Systems, Inc. v. Mt. States/Rosen LLC*, No. SA-08-CA-00190-OLG, 2013 U.S. Dist. LEXIS 205535, at *2 (W.D. Tex. Mar. 20, 2013) (quashing motion issued to party's retained expert and stating "[t]he Court is of the opinion that plaintiff's subpoena issued to Dr. Rod Bowling should be QUASHED."); *see also Alper v. United States*, 190 F.R.D. 281, 283 (D. Mass 2000) (""given the facts that Dr. Becker is defendant's expert, the documents which plaintiff seeks from him may be considered within defendant's control."). As highlighted in *Tewari,* many courts have routinely considered, without discussion of standing, a party's motions to quash subpoenas *duces tecum* addressed to that party's expert witnesses. *Tewari De-Ox Systems, Inc. v. Mt. States/Rosen LLC*, No. SA-08-CA-00190-OLG, 2013 U.S. Dist. LEXIS 205535, at *2 (W.D. Tex. Mar. 20, 2013) (collecting cases).

None of the cases cited by Defendant Bogard support her position that Plaintiff does not have standing to move to quash the subpoena. Bogard's use of *Windsor v. Martindale*, 175 F.R.D. 665, 668 (D. Colo. 1997) does not pertain to a subpoena issued to a retained expert. Likewise, *Thomas v. Marina Associates*, 202 F.R.D. 433, 434 (E.D. Penn. 2001) involves a subpoena issued to a records custodian, not the expert himself. Bogard's use of *Parker v. Four Seasons Hotel, Ltd.* 291 F.R.D. 181, 186 (N.D.Ill 2013) to support her position might be the most

3

misleading and disingenuous of all the cases she cited. *Parker* does not involve the issuance of a subpoena to a retained expert, or any expert for that matter. Bogard's insinuation that Plaintiff attempts to mislead the Court by misstating the ruling in *Greer v. Anglemeyer* is somewhat confusing. Plaintiff cited the holding in *Greer* correctly. The court in *Greer* did hold that Rule 45 cannot be used to subpoena the expert and that Rule 26(b)(4) limited a party's right to access those records. *Greer v. Anglemeyer*, CAUSE NO. 3:93-cv-649RP, 1996 U.S. Dist. LEXIS 1429, at *8 (N.D. Ind. Jan. 5, 1996). The exact reason why the court stated that standing was not appropriate is unclear and unstated in the opinion and PACER does not provide access to the written ruling in this issue. As such, Bogard asks the Court to speculate as why the *Greer* court ruled the way that it did and find that Plaintiff is misleading the Court about a ruling that is unavailable for review.

In its October 28, 2022 order requesting a reply brief from Plaintiff, the Court asked Plaintiff to address *Allstate Ins. Co. v. Electrolux Home Prod., Inc*., No. 16-CV-4161, 2017 WL 5478297 (N.D. Ill. Nov. 15, 2017) as it pertains to standing. The issue of standing addressed in *Allstate* pertains to a subpoena issued during expert discovery. However, the circumstances under which the court allowed the subpoena in *Allstate* are vastly different than those present in this case. In *Allstate* the Plaintiff identified and disclosed two retained experts, Michael Stoddard and Ronald Parsons of the Wright Group. Plaintiff removed Parsons leaving only Stoddard as his expert. Defendants then issued a subpoena to the Wright Group and argued that although Stoddard was the testifying expert, the Wright Group produced his expert report through the efforts of its employees and therefore Parsons (and the Wright Group) was the true expert witness. That would mean that the expert report came from the person that was withdrawn and not from the one that was disclosed. This scenario is not present in this case. Furthermore, in

4

*Allstate*, the defendants issued the subpoena to the Wright Group, not Stoddard. In this case, Defendant Bogard issued the subpoena to Plaintiff's expert witness by sending the subpoena to Plaintiff's counsel.

Furthermore, in *Allstate*, the court noted how Stoddard testified that he consulted with Wright Group employees in similar cases. A fact which the Wright Group did not contest. Once again, this is not the case here. Defendant Bogard issued the subpoena to Plaintiff's expert, not others who Mr. Harmening spoke to or relied on. Mr. Harmening's report does not indicate that he relied on anyone or consulted anyone. To put it plain and simple, the issue in *Allstate* did not revolve around a subpoena issued to the expert but rather to another entity that was not the plaintiff's testifying expert. No such scenario exists here.

Although the court allowed the subpoena to be issued to the third-party company in *Allstate*, the facts and legal reasoning the court relied on do not apply to this case. Unlike *Allstate*, Plaintiff has disclosed one expert, William Harmening. Mr. Harmening is not an employee of another company of experts. Mr. Harmening is the expert. As such, this Court should not rely on *Allstate* in deciding the issue of standing in this case but rather follow the established case law throughout the federal judiciary that has established a party has standing to quash a subpoena issued to his retained expert.

## II.     An Appropriate Circumstance For Excusing Non-Compliance With Local Rule 37.2 Exists.

The Court has the discretion to hear this motion despite Plaintiff not holding a L.R. 37.2 conference prior to its filing. Courts have recognized that an appropriate circumstance for excusing non-compliance with the rules when compliance would have been an exercise in futility. *See Mustat Mfg. Co., Ltd. V. Bel Fuse, Inc.*, 242 F.R.D. 470, 474 (N.D.Ill. 2007)(collecting cases). Defendant Bogard seems to suggest that a L.R. 37.2 conference could

have avoided this motion. Not so. This case has been plagued with discovery related issues of Defendants' creation that have necessitated a continuous march into court for motion practice.[1] Simply put, Defendants have conceded nothing in this case and there is no reason to believe Defendant Bogard would have offered concessions to the issues raised in this motion.

Here, Plaintiff believes that the Federal Rules of Civil Procedure, specifically Rule 26(a)(2)(B), should be followed and Defendant Bogard believes they should be disregarded, and she should be allowed to do as she pleases. This is a great chasm between the parties that cannot be reconciled or brought to a middle ground through a phone call. The parties have vastly different views of the Federal Rules of Civil Procedure. Under these circumstances, a formal L.R. 37.2 conference concerning a subpoena that was improper under the Federal Rules of Civil Procedure and should have never been issued would have been futile. As Plaintiff would not be inclined nor obligated to agree to a change in the FRCP to accommodate Defendant Bogard's litigation strategy. Local Rule 37.2 does not prevent the Court from hearing this motion or granting it under these circumstances. *See Finwall v. City of Chicago*, 239 F.R.D. 494, 500 (N.D. Ill. 2006). Accordingly, this Court can hear this motion despite the lack of a L.R. 37.2 conference.

### III. Defendant Bogard Arguments For Allowing the Subpoena are Misguided and Unconvincing.

Defendant Bogard doesn't actually refute Plaintiff's legally sound argument that Rule 45 cannot be used as an end-run around Rule 26(a)(2)(B). Instead, she strings together a

---

[1] Plaintiff anticipates that the parties will be back before the Court on another motion to compel within the coming days. On October 31, 2022, Defendant City contacted Plaintiff's counsel seeking a 37.2 conference to discuss Plaintiff providing his expert communications. Plaintiff will be objecting to this request and the City will undoubtedly file another motion to compel. This shows that Defendants are attempting to use two directions of attack in an effort to move around the confines Rule 26 sets for expert discovery. This is yet another example of Defendant's continued scorched earth defense in this case.

6

hodgepodge accumulation of cases that are inapposite to this one and in some instances don't even address the Rule 26 and Rule 45 issue presented here. Plaintiff won't go through all the cases listed by Defendant Bogard. However, Plaintiff would like to highlight a few of the cases to emphasize just how lacking Defendant Bogard's argument is.

Defendant Bogard relies heavily on *Expeditors International of Washington, Inc. v. Vastera, Inc.*, No. 04 C 0321, 2004 U.S. Dist. LEXIS 2501 (N.D. Ill. Feb. 20, 2004). *Expeditors* involved issues that are different from those presented in this case. First, *Expeditors* dealt with the basis for the plaintiff's expert's $20 million damages computation opinion. The *Expeditors* court highlighted that "to buttress his damages opinion. . . [the expert] touted his qualifications and professional experience in various types of litigation, including intellectual property litigation." *Id*. It was in this vein that the defendants issued a subpoena for the expert's prior testimony and reports. No such scenario exists here. Plaintiff's expert has not touted or sought to inflate his qualifications. He provided a report with his CV, a list of testimony from the previous four years, and his hourly rate. Simply put, Plaintiff and his expert, complied with Rule 26(a)(2)(B). Defendant Bogard has not specified anything in Plaintiff's expert disclosure that would warrant additional discovery being conducted in advance of Mr. Harmening's deposition. Defendant Bogard's "I want it just because" argument is no argument at all. In fact, *Expeditors* supports Plaintiff's position. It was because of the expert's boasting that the defendants sought records from all of the cases the expert touted to buttress his report. Here, Defendant Bogard doesn't seek just prior reports and testimony, she wants everything under the sun. Defendant Bogard has asked Plaintiff's expert to provide his income, reports he authored with Plaintiff's counsel from the last 10 years, reports from all of his previous cases, communications he had with Plaintiff's counsel, communications he had with anyone about this case, all of his writings

and articles, disciplinary complaints and records from his career, and copies of lectures and presentations he's given. *See* Exh B. Certainly, the requests presented here were not those that the *Expeditors* court was presented with. What Defendant Bogard is seeking is information that can be used to discredit and smear Plaintiff's expert. None of the cases cited by Defendant Bogard have allowed for this kind of discovery. One of the other cases within the Northern District of Illinois cited by Bogard, *Lawrence E. Jaffe Pension Plan v. Household International, Inc.*, No. 02 C 5893, 2008 U.S. Dist. LEXIS 18118 (N.D. Ill. Mar. 10, 2008), also cites *Expeditors*. However, Defendant Bogard takes the *Lawrence* case out of context and attempts to apply it to this case and her actions. *Lawrence* involved a subpoena issued from another jurisdiction that the plaintiff was attempting to get the court to enforce. The issue before the court was not the applicability of Rule 45 or Rule 26 as it pertained to expert discovery but rather enforcement of the subpoenas. Ultimately, the court did not address the subpoenas from the outside jurisdiction. The second issue the court addressed was the parties' stipulated agreement regarding how expert discovery would be conducted. As such, this case is of no value to Bogard's attempt to do an end-run around Rule 26.

From *Expeditors*, Defendant Bogard goes on to cite several cases that were either cited by the *Expeditors* court or were cited by cases mentioned within *Expeditors*. However, the fact remains that none of the cases support what Defendant Bogard is attempting to do in this case. In *All West Pet Supply Co. v. Hill's Pet Products Division*, 152 F.R.D. 634 (D. Kan. 1993) the court was dealing with a legal landscape of expert discovery when Rule 26(a)(2) had only been recently revised. However, despite the lack of jurisprudence on the issue of whether Rule 26 provided the confines of expert discovery, the court in *All W. Pet Supply Co.* sensed that the drafters of Rule 26(a)(2) did not intend for it to open the floodgates to endless discovery but

rather to curtail it. *All West Pet Supply Co. v. Hill's Pet Products Division*, 152 F.R.D. 634, 640 (D. Kan. 1993).

As mentioned earlier in this brief, Bogard's use of *Thomas v. Marina Associates*, 202 F.R.D. 433, 434 (E.D. Penn. 2001) is misleading as *Thomas* involved a subpoena issued to a records custodian. Bogard's use of *Western Resources, Inc. v. Union Pacific R.R. Co.*, No. 00-2043-CM, 2002 U.S. Dist. LEXIS 14796 (D. Kan. July 23, 2002) is also of no value to her argument and this Court should not rely on it. *Western Resources* did not address the procedural posture of the case. There is no mention of whether the parties were engaging in Rule 26(a)(2)(B) expert discovery or some other form of discovery. Additionally, the issue of discoverability was not addressed by the court because it was not raised by the parties. Therefore, the court made no finding about whether Rule 45 discovery tools can be used within Rule 26(a)(2)(B) expert discovery. A reading of *Quaile v. Carol Cable Co.*, CIVIL ACTION NO. 90-7415, 1992 U.S. Dist. LEXIS 15154 (E.D. Pa. Oct. 2, 1992), another case cited by Defendant Bogard, reveals that the court allowed the additional discovery with respect to documents that the expert mentioned in his deposition as being related to his opinion.

*Cadle v. GEICO Gen. Ins. Co.* and *Ladd Furniture v. Ernst & Young*, two additional cases cited by Defendant Bogard, demonstrate courts deciding to reject authority that stated that Rule 26 governs expert discovery. In *Cadle* the court recognized that were several courts that found that Rule 26 "precludes or restricts the use of subpoenas to obtain information and materials from a testifying expert witness" but that it was choosing not to follow that authority. *Cadle v. GEICO General Insurance Co.*, No. 6:13-cv-1591-Orl-31GJK, 2014 U.S. Dist. LEXIS 197378, at *11 (M.D. Fla. Aug. 29, 2014). In *Ladd*, that court stated that it had a standing policy to allow broad discovery. The *Ladd* court did not even address the opposing authority that stated

9

that Rule 45 subpoenas were not allowed under Rule 26 expert discovery. While that was certainly the courts' prerogative in *Ladd* and in *Cadle*, Plaintiff asks that this Court not disregard the plethora of cases that have held that using Rule 45 to go around Rule 26 to conduct additional expert discovery is not permissible. What is clear from reviewing Defendant Bogard's argument for the use of Rule 45 in Rule 26(a)(2)(B) expert discovery is that she presents a disjointed argument.

Defendant Bogard ends her response brief by attempting to argue that Plaintiff is misleading the Court with his authority. The previous discussion of Defendant Bogard's cited case law clearly establishes that it is Defendant Bogard that is attempting to mislead the Court by not fully discussing the facts, circumstances, and rulings of her cited authority. Defendant Bogard doesn't cite to a single case that has authorized a subpoena issued to a Rule 26(a)(2)(B) expert that is seeking the kind of information she is seeking from Plaintiff's expert and for the purpose she is seeking it (to discredit and smear).

Plaintiff opened this reply brief by discussing how Defendant Bogard does not cite to a single case where a defendant (or plaintiff for that matter) has sought to use Rule 45 to conduct additional discovery into a disclosed police practices expert. In a federal district as busy as the Northern District of Illinois, Defendant Bogard was unable to provide another example of this tactic being used in a Section 1983 case. Defendant Bogard is unable to cite to a single case from any of this nation's 94 federal district courts where a party has successfully argued that the use of a Rule 45 subpoena is proper litigation tool during Rule 26(a)(2)(B) expert discovery in a Section 1983 case. This is telling. It underscores the rarity of this litigation strategy in this district (and elsewhere) and federal bar practitioners' apparent disfavor of it. Given the thousands of police misconduct cases that have passed through this District, the fact that Defendant Bogard

is unable to point to a single case to support her argument cements why her subpoena *duces tecum* must be quashed.

WHEREFORE, Plaintiff respectfully requests this Honorable Court grant his motion to quash the subpoena *duces tecum* issued by Defendant Bogard to Plaintiff's expert and grant any other relief this Court deems just and proper.

**Respectfully submitted,**
**ARIEL ROMAN, Plaintiff**

/s/ *Julian Johnosn*
*One of Plaintiff's Attorneys*

Andrew M. Stroth
Action Injury Law Group, LLC
191 N. Wacker Drive, Suite 2300
Chicago, Illinois 60606
Phone: (844) 878-4529
astroth@actioninjurygroup.com

Gregory Kulis
Vincenzo B. Caporale
Gregory E. Kulis & Associates Ltd.
30 N. LaSalle Street, Suite 2140
Chicago, IL 60602
Phone: (312) 580-1830
gkulis@kulislawltd.com
vcaporale@kulislawltd.com

Julian Johnson
The Law Office of Julian Johnson, LLC
55 East Monroe Street, Suite 3800
Chicago, Illinois 60603
Phone: (312) 487-1711
julian@julianjohnsonlaw.com

Gloria Rodriguez
The Gloria Law Group
211 W. Wacker Drive
Chicago, IL 60606
Phone: (312) 989-2974
gloria@gloriaslaw.com

**CERTIFICATE OF SERVICE**

    The undersigned hereby certifies that the above ***PLAINTIFF'S* REPLY IN SUPPORT OF HIS MOTION TO QUASH DEFENDANT BOGARD'S SUBPOENA DUCES TECUM TO PLAINTIFF'S EXPERT WILLIAM HARMENING** was filed on November 4, 2022 with the Northern District of Illinois ECF System, serving a copy on all attorney of record.

                                               */s/ Julian Johnson*
                                               One of Plaintiff's Attorneys