**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

ARIEL ROMAN,

         Plaintiff,

    v.

THE CITY OF CHICAGO, a Municipal
Corporation, and CPD OFFICERS
P.O. MELVINA BOGARD and P.O.
BERNANRD BUTLER, Individually,

        Defendants.

Case No. 20 C 1717

Magistrate Judge Sunil R. Harjani

## MEMORANDUM OPINION AND ORDER

Currently before the Court is Plaintiff's Motion to Quash Defendant Bogard's Subpoena *Duces Tecum* to Plaintiff's Expert William Harmening [165]. The question presented is whether a subpoena under Federal Rule of Civil Procedure 45 is a permissible means of obtaining information from an opposing party's testifying expert witness or whether Rule 26(a)(2) constitutes the only available written discovery from that expert. The question, in this Circuit, is somewhat novel as courts have not thoroughly addressed the issue. For the reasons stated below, the Court finds that Defendant Bogard can issue a Rule 45 document subpoena to an adverse expert witness, and Rule 26(a)(2) is not exhaustive on the scope of expert discovery. As a result, Plaintiff's motion to quash [165] is denied.

### Discussion

Federal Rule of Civil Procedure 45(d)(3) governs motions to quash or modify a third-party subpoena. Upon a timely motion, Rule 45(d) mandates that the court quash or modify a subpoena if the subpoena "subjects a person to undue burden" or "requires disclosure of privileged or other protected matter, if no exception or waiver applies[.]" Fed. R. Civ. P. 45(d)(3)(A)(iii-iv).

1

Rule 45(d) likewise permits a court to quash or modify a subpoena that requires "disclosing a trade secret or other confidential research, development, or commercial information[.]" Fed. R. Civ. P. 45(d)(3)(B)(i). It is up to the moving party to establish the impropriety of the subpoena. *CSC Holdings, Inc. v. Redisi*, 309 F.3d 988, 993 (7th Cir. 2002); *see also Simon v. Nw. Univ.*, 2017 WL 66818, at *2 (N.D. Ill. Jan. 6, 2017); *Hard Drive Prods. v. Does 1-48*, 2012 WL 2196038, at *6 (N.D. Ill. June 14, 2012). In considering these issues, magistrate judges "enjoy extremely broad discretion in controlling discovery." *Jones v. City of Elkhart*, 737 F.3d 1107, 1115 (7th Cir. 2013); *see also Hunt v. DaVita, Inc.*, 680 F.3d 775, 780 (7th Cir. 2012) (citations omitted) ("District courts have broad discretion in supervising discovery ... for they are much closer to the management of the case and the host of intangible and equitable factors that may be relevant in exercising such discretion.").

In this 42 U.S.C. § 1983 civil rights action, Plaintiff Ariel Roman alleges that he was physically beaten, pepper sprayed, shot twice, and injured by Defendants Melvina Bogard and Bernard Butler, police officers employed by the Chicago Police Department, City of Chicago, Illinois. Defendants have denied these allegations. Doc. [26] at 3. Since 2020, the parties have been engaged in discovery. On January 15, 2021, discovery was subject to a limited stay. Doc. [52]. In April 2022, the Court lifted the partial stay, and the parties have since been involved in more fulsome discovery. Doc. [90]. The facts relevant to this instant motion are as follows. On September 21, 2022, Plaintiff disclosed his police practices expert, William Harmening. Mr. Harmening was disclosed as a testifying and retained expert (and not an unretained or consulting expert). The parties then confirmed Mr. Harmening's deposition for November 16, 2022. In preparation for that deposition, on October 6, 2022, Defendant Bogard emailed Plaintiff's counsel a subpoena for Mr. Harmening's deposition and a Rule 45 subpoena for documents. Seven days

later, Plaintiff filed his motion to quash, objecting to the subpoena on the grounds that expert discovery is constrained by the limitations set forth in Rule 26(a)(2) and, thus, the use of a Rule 45 subpoena is an impermissible method of obtaining discovery from an adverse expert. Doc. [165].

In response, Defendant Bogard claims that Plaintiff's motion to quash should be denied for three reasons. First, Defendant Bogard contends that Plaintiff lacks standing to bring the motion because the subpoena was directed to Plaintiff's expert, not Plaintiff. Doc. [168] at 2-3. Second, Defendant asserts that Plaintiff's motion is deficient because Plaintiff failed to comply with the meet and confer requirements set by Local Rule 37.2 and this Court's standing orders. *Id*. at 3-4. Third, Defendant argues that Defendant's document subpoena is proper because the discovery of information from expert witnesses is not limited by Rule 26(a)(2). *Id*. at 4-12. The Court takes each argument in turn.

## A.      Standing

Because Plaintiff is moving to quash the subpoena directed to Mr. Harmening (a non-party), the Court first addresses the threshold issue of standing. "Ordinarily, a party has no standing to seek to quash a subpoena issued to someone who is not a party to the action[.]" *CMB Exp., LLC v. Atteberry*, 2014 WL 12849793, at *3 (C.D. Ill. July 16, 2014) (internal quotations and citations omitted). However, a party has standing to move to quash a non-party subpoena if it "infringes upon the movant's legitimate interests." *United States v. Raineri*, 670 F.2d 702, 712 (7th Cir. 1982). Examples of legitimate interests include asserting work product or attorney-client privilege, interference with business relationships, or production of private information about the party that may be in the possession of a third party. *See Parker v. Four Seasons Hotels, Ltd*, 291 F.R.D. 181, 187 (N.D. Ill. 2013). Some courts have found standing to rule on motions to quash a

non-party subpoena when it was addressed to the party's own expert witness, reasoning that the expert witness was hired by that party to offer testimony. *See, e.g.*, *Tewari De-Ox Sys., Inc. v. Mountain States/Rosen LLC*, 2013 WL 12234284, at *1 (W.D. Tex. Mar. 20, 2013) ("it is an impractical proposition that a hired expert witness must hire his own counsel to seek to be protected from discovery that might harm the party for whom he has been hired to testify"); *Marquette Transportation Co. Gulf-Island, LLC v. M/V Chembulk Westport*, 2016 WL 659083, at *3 (E.D. La. Feb. 18, 2016) (finding a sufficient connection between the party and expert for standing because the plaintiff is representing the interest of the expert and the expert "is not a party to the action and will incur atypical expenses responding to the subpoena").

Here, Plaintiff has a legitimate interest in the documents Defendant Bogard requests from Mr. Harmening because various requests concern documents that were given by Plaintiff or his counsel to Mr. Harmening for the purpose of preparing his report. Doc. [165-2] at 1-2. For example, request three seeks "[a]ll documents and communications in your possession, custody, or control relating to Ariel Roman's civil litigation and/or the criminal prosecution of Bogard." *Id.* at 1. Documents responsive to this request may implicate Plaintiff's work product or attorney-client privilege or the production of private information. *See Sunlust Pictures, LLC v. Does 1-75*, 2012 WL 3717768, at *2 (N.D. Ill. Aug. 27, 2012) (holding that "[b]ecause [defendant] has at least a minimal privacy interest in the information requested by subpoena [to the non-party], he has standing to object"); *see also Pain Ctr. of SE Indiana, LLC v. Origin Healthcare Sols. LLC*, 2015 WL 2166708, at *2 (S.D. Ind. May 8, 2015) (finding "Plaintiffs have sufficient interest in their financial records and thus had standing to move to quash"). Similarly, request four seeks "[a]ll documents provided to you or obtained by you that you relied upon for your opinions in this case." Doc. [165-2] at 1. Again, at least some of these documents provided to Mr. Harmening were either

4

supplied by Plaintiff or Plaintiff's counsel, and put Plaintiff's legitimate interests, including the attorney-client privilege, at issue.[1]  Moreover, Plaintiff has retained Mr. Harmening and is expending funds for his time and work, and thus Mr. Harmening is not a completely uninvolved third-party like most recipients of Rule 45 subpoenas.  Rather, Plaintiff and Mr. Harmening's interests are aligned in a contractual relationship, and Mr. Harmening is in possession of confidential materials that belong to Plaintiff.  The burden to establish standing to challenge a Rule 45 subpoena is not a high one. *See Malibu Media, LLC v. John Does 1-14*, 287 F.R.D. 513, 517 (N.D. Ind. 2012) (only requiring a minimal privacy interest to establish standing to quash a Rule 45 subpoena).  Thus, in this case, Plaintiff has at least a minimal and legitimate interest in the documents requested, and thus can contest the issuance of the non-party subpoena.[2]

## B.    Meet and Confer Requirement

Defendant Bogard next asserts that Plaintiff's motion is deficient because Plaintiff failed to comply with the meet and confer requirements set forth by Local Rule 37.2 and this Court's standing orders.  Local Rule 37.2 specifies that a court will refuse to hear a discovery motion

---

[1] *See also* Requests six, eight, nine, ten, and fourteen. Doc. [165-2] at 1-2.  Request six seeks "[a]ll documents provided to you or obtained by you that you do not rely upon for your opinions in this case." *Id*. at 1.  Request eight seeks "[a]ll correspondence and documents pertaining to your retention, billing, invoicing, or the payment of money exchanged between you and Gregory E. Kulis & Associates, Ltd., Action Injury Law Group, The Gloria Law Group, or Julian Johnson, LLC." *Id*.  Request nine seeks "[c]opies of all documents relevant to your report in this case that you reviewed prior to issuing your report in this case." *Id*.  Request ten seeks "[c]opies of any communication between you and any third-party witness or party to this case." *Id*.  Request fourteen seeks "[a]ny video or images created by, or modified by you relating to Ariel Roman's civil litigation and/or criminal prosecution of Bogard." *Id*. at 2.

[2] In contesting standing here, Defendant relies on three inapposite cases in support of her argument. Doc. [168] at 3.  First, in *Greer v. Anglemeyer*, the court denied a motion to quash a subpoena issued to a non-party on the ground that plaintiff lacked standing, but the opinion includes no analysis or explanation concerning standing, and thus the Court does not find it persuasive. 1996 WL 56557, at *1 (N.D. Ind. Jan. 5, 1996).  Second, in *Thomas v. Marina Associates*, the court considered a subpoena issued to a record custodian, not an expert witness, and thus the case is not helpful. 202 F.R.D. 433, 434 (E.D. Pa. 2001).  Similarly, in *Parker*, plaintiff issued subpoenas to non-parties, none of whom were expert witnesses. 291 F.R.D. at 186.

unless the moving party states that it consulted in person or by phone with the opposing party and made good faith attempts to resolve differences, providing the date, time, and place of such conference as well as the names of the participating attorneys. This Court's standing order requires parties to comply with the meet and confer requirements of Local Rule 37.2 and state with specificity when and how the movant complied before the Court will hear any discovery motion.

Local Rule 37.2 and this Court's Standing Order aim to limit judicial intervention in matters that can be resolved through discussion, negotiation, and compromise. Plaintiff did violate Local Rule 37.2 and this Court's Standing Order by failing to confer in good faith prior to seeking court intervention. However, the Court also has broad discretion to determine how and when to enforce its local rules. *See Waldridge v. American Hoechst Corp.*, 24 F.3d 918, 923 (7th Cir.1994). An appropriate circumstance for excusing non-compliance occurs when a meet-and-confer between parties would have been futile. *See Little v. Cox's Supermarkets*, 71 F.3d 637, 641 (7th Cir.1995) (stating "the decision whether to apply [a local] rule strictly or to overlook any transgression is one left to the district court's discretion"); *see also Parker,* 291 F.R.D. at 184 (excusing Defendant's failure to comply with Local Rule 37.2); *Murata Mfg. Co. v. Bel Fuse, Inc.*, 242 F.R.D. 470, 474 (N.D. Ill. 2007) ("The doctrine of futility is as applicable in the context of Rule 37 and. [*sic*] Local Rule 37.2 as it is in any other."); *Armstrong v. Amstead Industries, Inc.*, 2004 WL 1497779, *3 (N.D. Ill. July 2, 2004) (accepting plaintiffs' contention that a meeting between the parties would have been fruitless).

The current dispute concerns the application of the Federal Rules of Civil Procedure, and as further discussed below, a split in authority among district courts across the country as to whether a Rule 45 subpoena seeking documents may be issued to an opposing party's testifying expert witness. It is unlikely that the parties would have found a middle ground to the question at

issue in a meet-and-confer conference. Accordingly, the Court agrees that a conference would have been futile in this situation and exercises its discretion to excuse Plaintiff's failure to comply with the rule.

**C.     The Rule 45 Subpoena to the Expert Witness**

The main dispute before the Court concerns the applicability of Rule 45 of the Federal Rules of Civil Procedure to expert discovery. Plaintiff's motion to quash asserts that written discovery from a party's testifying expert is limited to the disclosures enumerated in Rule 26(a)(2), and additional discovery cannot be obtained through a subpoena *duces tecum* to produce documents directed to the expert under Rule 45. Plaintiff relies on various out-of-state cases in support of his position, while Defendant primarily relies upon the one applicable case in this district, *Expeditors Int'l of Washington, Inc. v. Vastera, Inc.*, 2004 WL 406999 (N.D. Ill. Feb. 26, 2004), that authorized a Rule 45 document subpoena to an expert witness. The Court recognizes that the question before the Court is an open one in this Circuit, not subject to any binding precedent, and that there is substantial disagreement among district courts across the country on this issue.

**I.     The Text of Federal Rules of Civil Procedure 26 and 45**

The Court's inquiry begins, as it must, with the text of the applicable Federal Rules of Civil Procedure. In analyzing these rules, "the Federal Rules of Civil Procedure should be given their plain meaning," *Walker v. Armco Steel Corp.*, 446 U.S. 740, 750, n. 9 (1980), and generally "[w]hen we find the terms ... unambiguous, judicial inquiry is complete," *Rubin v. United States*, 449 U.S. 424, 430 (1981); *see also Zapata Hermanos Sucesores, S.A. v. Hearthside Baking Co., Inc.*, 313 F.3d 385, 392 (7th Cir. 2002) ("For federal rules of procedure have the force of statutes."). Courts may not rewrite rules that plainly and unambiguously prescribe duties, obligations, and procedures. *See Ali v. Fed. Bureau of Prisons*, 552 U.S. 214, 228 (2008) ("We are not at liberty to

rewrite the statute to reflect a meaning we deem more desirable. Instead, we must give effect to the text Congress enacted[.]"). Here, this Court's analysis is guided by the text of Rules 26 and 45, which as further explained below, do not place an absolute bar on the ability of a party to subpoena documents from an opposing party's retained expert.

To start, Federal Rule of Civil Procedure 26 governs discovery and the mandatory disclosures in federal litigation. Rule 26(a)(2) controls the automatic disclosure of expert information and states, "[i]n addition to the disclosures required by Rule 26(a)(1), a party must disclose to the other parties the identity of any witness it may use at trial." Fed. R. Civ. P. 26(a)(2)(A). Experts and their testimony can fall under one of the next two subsections of Rule 26(a)(2)—those experts that are retained or employed specially to provide testimony (subsection B) and those experts that are not (subsection C). Fed. R. Civ. P. 26(a)(2). Mr. Harmening is a retained expert, and thus, Rule 26(a)(2)(B) applies. As such, Plaintiff's counsel was required to disclose Mr. Harmening with a report that contains the following:

> (i) a complete statement of all opinions the witness will express and the basis and reasons for them; (ii) the facts or data considered by the witness in forming them; (iii) any exhibits that will be used to summarize or support them; (iv) the witness's qualifications, including a list of all publications authored in the previous 10 years; (v) a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition; and (vi) a statement of the compensation to be paid for the study and testimony in the case.

Fed. R. Civ. P. 26(a)(2)(B). Importantly, Rule 26(a)(2) defines what a retained expert witness *must* disclose without any discovery request from the opposing party. However, the plain text of Rule 26(a)(2) does not state that a party is limited to *only* a report and the six specified components that the report must contain.[3] There is nothing in the text of Rule 26(a)(2) to suggest that a party

---

[3] *See Modjeska v. United Parcel Serv. Inc.*, 2014 WL 2807531, at *6 (E.D. Wis. June 19, 2014) ("Rule 26(a)(2)(B) governs only disclosure in expert reports, however, and it does not preclude parties from obtaining further information through ordinary discovery tools."); *see also Est. of Jackson v. Billingslea*, 2019 WL 2743750, at *4 (E.D. Mich. July 1, 2019) ("[C]ourts routinely allow discovery of information

is prohibited from requesting additional written information from an opponent's testifying expert witnesses.

Additional language in Rule 26 further supports the conclusion that Rule 26(a)(2) does not preclude using additional discovery tools. Rule 26(b)(1) articulates that parties may obtain discovery "regarding *any* nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(a)(2) (emphasis added). The scope of discovery identified in Rule 26(b)(1) controls discovery writ large and would become superfluous as to Rule 26(a)(2) if the six components in the rule were all that a party could obtain from a testifying expert witness. *See Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 350 (1978) ("The general scope of discovery is defined by [Rule] 26(b)(1)[.]"); *see also Corley v United States*. 556 U.S. 303 (2009) ("[a] statute should be construed so that effect is given to all its provisions, so that no part will be inoperative or superfluous, void or insignificant[.]").

Furthermore, the provisions of Rule 26(a) are generally regarded as rules that govern mandatory and automatic disclosures that parties must provide "without awaiting a discovery request[.]" Fed. R. Civ. P. 26(a)(1). Thus, Rule 26(a)(1) identifies four categories of documents that parties automatically provide near the beginning of the case, including names of individuals likely to have discoverable information, a description or copy of documents that support a claim or defense, a computation of damages, and any insurance agreement that can satisfy a judgment. Similarly, Rule 26(a)(3) requires automatic disclosure of certain materials prior to trial, including names of witnesses and identification of exhibits. However, a party may seek information in excess of the materials provided by these automatic disclosure. For instance, a party may issue

---

beyond what 26(a)(2)(B) requires."); *Izzo v. Wal-Mart Stores, Inc.*, 2016 WL 593532, at *2 (D. Nev. Feb. 11, 2016) ("[W]here a party seeks addition [*sic*] information regarding the expert's opinion, she may seek to obtain that information through the discovery process.").

interrogatories (Rule 33), requests for production of documents (Rule 34), requests for admission (Rule 36), subpoenas for documents and depositions (Rule 45), and depositions for information (Rule 30) in excess of what is required by Rule 26(a)(1).  Prior to trial, a district court often requires disclosure of information, in the form of a pretrial order, that is in excess to the mandatory disclosures of Rule 26(a)(3).  There is no rational reason to treat the expert disclosure rule under Rule 26(a)(2) any differently than the rules that precede and follow it.

Additional text in Rule 26 indicates that Rule 26(a) was not intended to be all-encompassing.  Rule 26(b)(1)(C) requires the court to "limit the frequency or extent of discovery *otherwise allowed* by these rules or by local rule if it determines that" the discovery is duplicative, cumulative or not relevant or proportional to the needs of the case. Fed. R. Civ. P. 26(b)(2)(C) (emphasis added).  Thus, Rule 26(b)(1)(C) contemplates that there will be discovery in addition to that disclosed under Rule 26(a) that a court will have discretion to manage and limit.  Rule 26(f) requires the parties to formulate a discovery plan, which shall include a discussion of any changes to the requirements of Rule 26(a), and other "subjects" on which discovery may be needed during the litigation. Fed. R. Civ. P. 26(f).  Once again, this text contemplates that Rule 26(a) constitutes initial automatic disclosures, and that there will be more discovery that will be obtained during the litigation.

Turning to Rule 45, the rule outlines the procedures for serving a non-party with a subpoena for testimony or documents.  The plain text of Rule 45(a)(1) states that the subpoena must "command each person to whom it is directed to do the following at a specified time and place; attend and testify; produced designated documents, electronically stored information, or tangible things in that person's possession, custody, or control; or permit the inspection of premises[.]" Fed. R. Civ. P. 45(a)(1)(A).  Although a non-party subpoena is controlled by Rule 45, the discovery

sought must still be within the broad scope of Rule 26. *See In re Kleimar N.V. v. Benxi Iron & Steel Am., Ltd.*, 2017 WL 3386115, at *7 (N.D. Ill. Aug. 7, 2017) ("The scope of material obtainable pursuant to a Rule 45 subpoena is as broad as what is otherwise permitted under Rule 26(b)(1).") (internal quotation marks and citation omitted). Significantly, Rule 45 does not exclude expert witnesses, who are indisputably non-parties, from the types of non-parties that can receive a subpoena. Indeed, Rule 45 contains no exclusion or exemptions for individuals that cannot be subject to a subpoena.

Even more persuasive is the text of Rule 45(d)(3)(B), which allows a court to quash a subpoena to an expert if it applies in two situations: (1) "disclosing an unretained expert's opinion"; or (2) concerning "information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party." Fed. R. Civ. P. 45(d)(3)(B). By explicitly referencing two categories of expert information that may be protected from disclosure, Rule 45 can reasonably be read to *not* exclude the issuance of a subpoena to an expert witness in circumstances outside from the two scenarios described above. *See, e.g.*, *Cent. States Se. & Sw. Areas Pension Fund v. Bellmont Trucking Co.*, 788 F.2d 428, 433 (7th Cir. 1986) ("the enumeration of specific exclusions from the operation of a statute is an indication that the statute should apply to all cases not specifically excluded.") (quoting *Matter of Cash Currency Exch., Inc.*, 762 F.2d 542, 552 (7th Cir. 1985)). Indeed, if the drafters of the rule wanted to quash all subpoenas to expert witnesses, including testifying expert witnesses, Rule 45(d)(3)(B) would be the place to do it—but they did not do so.

Accordingly, the Court's analysis of the plain text of Rules 26 and 45 mandates a conclusion that there is no bar to serving a retained, testifying expert with a subpoena to produce documents under the Federal Rules of Civil Procedure.

## II.     Advisory Committee Notes

Both Rules 26 and 45 have undergone numerous revisions since 1937.  These revisions have produced Advisory Committee Notes to explain the changes to the rules.  The Supreme Court has stated that the construction of the rules given by the Advisory Committee is "of weight" in interpreting the meaning of the rules. *Schiavone v. Fortune*, 477 U.S. 21, 31 (1986) (quoting *Mississippi Pub. Corp. v. Murphree*, 326 U.S. 438, 444 (1946)).  The Advisory Committee Notes concerning expert witnesses demonstrate an attempt to standardize disclosures, avoid disputes over what experts shall be required to produce in each case, and provide the general grounds rules about privilege in expert disclosures.  Most notably, the Advisory Committee Notes also do not indicate that there is any bar to serving a subpoena on an expert witness or seeking information beyond the requirements of Rule 26(a)(2).

Beginning with Federal Rule of Civil Procedure 26, in 1970, the rule was amended to provide limited discovery, through interrogatories, of "the subject matter on" and "the substance of facts and opinions to which the expert is expected to testify" at trial. Fed. R. Civ. P. 26(b)(4)(A)(i) (1970).  At the same time, the rule stated that "[u]pon motion, the court may order *further discovery by other means*." Fed. R. Civ. P. 26(b)(4)(A)(ii) (1970) (emphasis added).  The Advisory Committee Notes explained that the court "has ample power to regulate its timing and scope and to prevent abuse," and because the order for further discovery will compensate the expert, the "provisions are likely to discourage abusive practices." Fed. R. Civ. P. 26(b) advisory committee's note to 1970 amendment.  This amendment "was intended to facilitate cross-examination and rebuttal of experts at the trial and was applicable in any case in which an expert witness would be used." 8A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2030 (3d ed.); *see also id.* at § 2031 ("Ordinarily the 'further discovery' was a

deposition of the expert witness, but it did not have to be; the court could order production of documents as well."). Thus, the rule, in its original state, contemplated discovery in excess of Rule 26's proscription.

In 1993, Rule 26(a) was revised to require a party to disclose its testifying expert and provide a written report with an enumerated list of information. Fed. R. Civ. P. 26(a)(2) (1994). Rule 26(b) was also revised to provide for depositions of expert witnesses. Fed. R. Civ. P. 26(b)(4)(A) (1994). Importantly, the Advisory Committee Notes to Rule 26(a) explained that the items enumerated for disclosure in a written report do "not prevent a court from requiring by order or local rule that the parties disclose additional information without a discovery request." Fed. R. Civ. P. 26(a) advisory committee's note to 1993 amendment. The Advisory Committee Note also state that parties are not "precluded from using *traditional discovery methods* to obtain further information regarding these matters, as for example asking an expert during a deposition about testimony given in other litigation beyond the four-year period specified in Rule 26(a)(2)(B)." *Id.* (emphasis added). Instead of cabining discovery, the Advisory Committee Notes are clear that "traditional discovery methods" may be used to facilitate the exchange of information in addition to that required under Rule 26(a). Moreover, if a party is permitted to exceed the four-year period in a deposition, it would be nonsensical to suggest that it cannot also seek documents in excess of the four-year period when otherwise relevant and proportional to the needs of the case. *See Silva v. City of Madison*, 69 F.3d 1368, 1371 (7th Cir. 1995) (a single rule "must be read in light of the statutory commands of the federal judicial code; it also must be read in light of the structure of the entire Rules of Civil Procedure"); *see also* Fed. R. Civ. P. 26(b)(1).

In 2010, Rule 26(b)(4)(B) was added to afford work-product protection for drafts of expert reports or disclosures. Fed. R. Civ. P. 26(b) advisory committee's note to 2010 amendment At the

same time, Rule 26(b)(4)(C) was added to protect from disclosure attorney-expert communications between "an expert witness required to provide a report under Rule 26(a)(2)(B) and the attorney for the party on whose behalf the witness will be testifying." *Id*. The Advisory Committee Notes clarified that "[t]he most frequent method for discovering the work of expert witnesses is by deposition, but Rules 26(b)(4)(B) and (C) *apply to all forms of discovery*." *Id*. (emphasis added). Moreover, the Advisory Committee Notes provide that "Rules 26(b)(4)(B) and (C) *do not impede discovery* about the opinions to be offered by the expert or the development, foundation, or basis of those opinions." *Id*. (emphasis added). The addition of Rules 26(b)(4)(B) and (C) extended privilege protections but, by its express terms, did not "impede discovery" or impose a limit on the procedures available for use with experts. Instead, the Advisory Committee Notes suggest that experts are subject to discovery in addition to the deposition procedures of Rule 26(b)(4), particularly because it recognized that the privilege protections in that rule applied to "all forms of discovery."

Turning to Federal Rule of Civil Procedure 45, the rule was revised in 1991 for a number of reasons, including "(1) to clarify and enlarge the protections afforded persons who are required to assist the court by giving information or evidence; [and] (2) to facilitate access outside the deposition procedure provided by Rule 30 to documents and other information in the possession of persons who are not parties." Fed. R. Civ. P. 45 advisory committee's note to 1991 amendment. In particular, and as discussed above, Rule 45(C)(3)(B)(ii) was amended to allow a court to quash or modify a subpoena if it requires: "(ii) disclosing an *unretained expert's opinion* or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party. . . ." (emphasis added). The Advisory Committee's Note states, "[c]lause (c)(3)(B)(ii) provides appropriate protection for the intellectual property of the nonparty witness;

it *does not apply to the expert* retained by a party, whose information is subject to the provisions of Rule 26(b)(4)." Fed. R. Civ. P. 45(C)(3)(B)(ii) advisory committee's note to 1991 amendment. In 1991, Rule 26(b)(4) stated that discovery of facts known and opinions held by testifying experts may be obtained in two ways:

> (i) A party may through interrogatories require any other party to identify each person whom the other party expects to call as an expert witness at trial, to state the subject matter on which the expert is expected to testify, and to state the substance of the facts and opinions to which the expert is expected to testify and a summary of the grounds for each opinion. (ii) Upon motion, the court may order further discovery by other means, subject to such restrictions as to scope and such provisions, pursuant to subdivision (b)(4)(C) of this rule, concerning fees and expenses as the court may deem appropriate.

Fed. R. Civ. P. 26(b)(4)(A)(i-ii) (1991). At the time, Rule 26(b)(4) contemplated parties seeking additional discovery from testifying expert witnesses and contained no prohibition on the use of a Rule 45 subpoena. By protecting the specific interests of unretained experts, Rule 45 essentially acknowledges that testifying experts generally can be issued Rule 45 subpoenas.

Taken together, the Advisory Committee Notes indicate that the Rule 26(a) disclosures were meant to be the floor, rather than the ceiling, of written discovery that a party could obtain, and that Rule 45 would apply to all persons, except that a court could limit subpoenas to experts that were not retained or as to work done in other litigation matters not in dispute.

### III. The Structure of the Federal Rules of Civil Procedure

The Court next considers the structure and surrounding provisions in the Federal Rules of Civil Procedure. The Seventh Circuit has cautioned that courts should "recall that the Rules of Civil Procedure were intended to be read not in isolation from each other but together." *Lachmund v. ADM Inv. Servs.*, Inc., 191 F.3d 777, 782–83 (7th Cir. 1999) (analyzing the interaction between Rules 8(a) and 9(b)); *see also McDonald v. Household Int'l, Inc.*, 425 F.3d 424, 427 (7th Cir. 2005) (interpreting Rule 12(b)(6) "in conjunction with the other rules governing pleadings, principally

Rule 8(a)"); *Morency v. Evanston Nw. Healthcare Corp.*, 1999 WL 521155, at *3 (N.D. Ill. July 15, 1999) (reading Rules 23(e) and 41(a)(1) together).  Additionally, a single rule "must be read in light of the structure of the entire Rules of Civil Procedure." *Silva v. City of Madison*, 69 F.3d 1368, 1371 (7th Cir. 1995); *see also Nasser v. Isthmian Lines,* 331 F.2d 124, 127 (2d Cir. 1964) ("[T]he Rules were intended to embody a unitary concept of efficient and meaningful judicial procedure, and that no single Rule can consequently be considered in a vacuum.").

As noted above, Rules 26 through 37 govern discovery generally, and Rule 45 controls discovery from non-parties.  While Rules 26 through 37 are located in "Title V. Disclosures and Discovery: of the Federal Rules of Civil Procedure," Rule 45 is found in "Title VI. Trials."  Even though the rules appear in different sections, courts have held that Rule 45 subpoenas are "encompassed within the definition of 'discovery.'" *Dreyer v. GACS Inc.*, 204 F.R.D. 120, 123 (N.D. Ind. 2001) (quoting *Marvin Lumber & Cedar Co. v. PPG Indus., Inc.*, 177 F.R.D. 443, 443 (D. Minn. 1997)).  Again, it is well settled that discovery permissible under Rule 26 controls the scope of a subpoena under Rule 45. *See, e.g.*, *U.S. Equal Emp. Opportunity Commision v. AutoZone, Inc.*, 2016 WL 7231576, at *2 (N.D. Ill. Dec. 14, 2016) ("Under Federal Rule of Civil Procedure 45, the scope of discovery that a party may seek in a subpoena is as broad as the rules of discovery allow."); *Arthrex, Inc. v. Parcus Med., LLC*, 2011 WL 6415540, at *3 (S.D. Ind. Dec. 21, 2011) ("The scope of discovery available by way of a Rule 45 subpoena generally is measured by the same broad relevancy standard applicable to party discovery under Rule 26(b)(1).").

The discovery rules—Rules 26 through 37 and 45—are designed to work in tandem and in harmony.  Rules 27 through 36 supply additional discovery devices to those already discussed in Rules 26 and 45, including depositions, interrogatories, the production of documents, mental and physical examinations, and requests for admission. *See generally* Fed. R. Civ. P. Moreover, Rule

37 provides a mechanism for a court to compel compliance and details the consequences—sanctions—when a party fails to make required disclosures or cooperate in discovery. Fed. R. Civ. P. 37. Like Rules 26 and 45, the other discovery rules specify which rules can be used with a non-party and which can only be used with a party. *Compare* Fed. R. Civ. P. 30 (depositions of "any person"), *with* Fed. R. Civ. P. 33 ("[i]nterrogatories to parties"). Of the rules that can be used with a non-party, none foreclose a party from using the method identified in the rule with an adverse party's expert.

For example, Federal Rules of Civil Procedure 30 and 31, which govern depositions by oral examination and written questions, respectively, allow a party to depose "any person" without leave of court and attendance may be compelled by a Rule 45 subpoena. Fed. R. Civ. P. 30(a)(1); Fed. R. Civ. P. 31(a)(1) (emphasis added). Rules 30 and 31 contain no exceptions for experts. The Advisory Committee Notes to the 2000 amendments for Rule 30 support the use of a deposition by oral examination with experts: "with regard to expert witnesses, there may more often be a need for additional time—even after the submission of the report required by Rule 26(a)(2)—for full exploration of the theories upon which the witness relies." Fed. R. Civ. P. 30 advisory committee's note to 2000 amendment. Likewise, Rule 34 states, "[a]s provided in Rule 45, a nonparty may be compelled to produce documents and tangible things or to permit an inspection." Fed. R. Civ. P. 34(c). In short, Rule 34 permits using a Rule 45 subpoena to compel a non-party to produce requested materials. Nowhere in Rule 34 are experts excluded from the types of non-parties that may be subpoenaed to produce documents and tangible things or to permit an inspection. Indeed, Rules 30, 31, and 34 are devoid of any suggestion that depositions or a subpoena *duces tecum* cannot be used with a testifying, retained expert. Thus, reading the federal

discovery rules together, it would be counterintuitive to conclude that all parties and persons are subject to broad discovery tools to uncover information, except for testifying expert witnesses.

## IV.     Purpose of the Federal Discovery Rules

The underlying goals of the Federal Rules of Civil Procedure are identified in Federal Rule of Civil Procedure 1, which states "[t]hey should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1; *see also Carter Prod., Inc. v. Eversharp, Inc.*, 360 F.2d 868, 872 (7th Cir. 1966) ("The framers of the Federal Rules provided liberal discovery, e.g., Rules 26 and 45(d), concluding that any inconvenience to third parties in the federal courts is generally outweighed by the public interest in seeking truth in every case, with the elimination of unfair surprise and full and adequate preparation by both sides."); *Hickman v. Taylor*, 329 U.S. 495, 507 (1947) ("Mutual knowledge of all the relevant facts gathered by both parties is essential to proper litigation.").

Consistent with the principle of permitting full transparency and disclosure in discovery, from a practical perspective, there are circumstances where a party may need to inquire beyond an expert's automatic disclosures.  For example, courts have allowed a party to obtain deposition testimony from an opposing party's expert witness in other unrelated litigation, prior expert reports for similar cases, and prior trial and administrative proceeding transcripts of expert testimony. *See, e.g.*, *Expeditors Int'l of Washington, Inc.*, 2004 WL 406999, at *2 ("[Defendant's] requests for copies of the transcripts of [the expert's] deposition testimony, trial testimony, and expert reports in trade secret during the past ten years and patent matters during the past five years are within the bounds of permissible discovery."); *Western Res., Inc. v. Union Pac. R.R. Co.*, 2002 WL 1822428, at *2-3 (D. Kan. July 23, 2002) (ordering testifying expert to produce testimony from other

litigation, administrative proceedings, and arbitrations that related to the subject matter or his opinions in the underlying action, as well as documents considered in forming those opinions). Prior expert reports may allow a party or the fact-finder to determine whether the current report is credible or inconsistent with prior positions taken by the expert. *See Spano v. Boeing Co.*, 2011 WL 3890268, at *1 (S.D. Ill. Sept. 2, 2011) (finding "relevant prior testimony of a party's expert for evaluating consistency between an expert's opinion expressed in a case and his opinions expressed in other cases"); *see also Hussey v. State Farm Lloyds Ins. Co.*, 216 F.R.D. 591, 594 (E.D. Tex. 2003) ("previous expert reports conducted by [expert] could potentially allow the fact-finder to logically infer that [the expert's] reports were not objectively prepared, that [a party] was aware of [the expert's] lack of objectivity, and that [the party's] reliance on the reports was merely pretextual.").

For example, in *Modjeska*, the court explained that discovery into inconsistencies between the views the expert intends to express in the instant matter and those he provided in prior cases or on related subjects, "is expressly contemplated by the federal rules of civil procedure, as evidenced by the requirement that an expert's written report must include a list of all other cases in which, during the previous four years, the witness has testified as an expert at trial or by deposition." 2014 WL 2807531, at *5-6 (quotations omitted). Relatedly, information concerning how much a party paid an expert in prior cases is relevant for purposes of cross-examination and impeachment. *See Cadle v. GEICO Gen. Ins. Co.*, 2014 WL 12639859, at *6 (M.D. Fla. Aug. 29, 2014). If an expert has previously testified in a contrary way, is currently working on a manuscript or article with an opposing opinion that is not publicly available, or has publicly presented conflicting information that is not published, opposing counsel ought to within reason be able to

dig into the expert's views, biases, and any contradictions. These types of materials that are both relevant and not publicly available should be discoverable using a Rule 45 subpoena.

Going further, a party may need to inquire beyond the automatic disclosures in Rule 26 to ensure sufficient discovery for a *Daubert* analysis. The Advisory Committee Notes to the 2010 Amendments to Rule 26(b) highlight that the privilege and work product protections added to Rules 26(b)(4)(B) and (C) "do not affect the gatekeeping functions called for by *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), and related cases." Fed. R. Civ. P. 26(b) advisory committee's notes to 2010 amendment. The Advisory Committee Notes also state that "the expert's testing of material involved in litigation, and notes of any such testing, would not be exempted from discovery by this rule." *Id*. As a result, a Rule 45 subpoena for documents from an expert to further explore how the expert developed their opinions is potentially relevant to opposing counsel's ability to challenge the expert testimony under *Daubert*. Thus, allowing a party to use a Rule 45 subpoena with an adverse retained expert furthers the goals of fair and transparent discovery of information that are embedded in the Federal Rules of Civil Procedure.

## V. Limitations on Discovery

The Court recognizes the need to ensure that the expert witness and the party retaining the expert are protected from abusive discovery practices. In reviewing existing case law, courts declining to permit the use of a Rule 45 subpoena for discovery from a party's testifying expert witness have generally relied on the assumption that the mandatory disclosures permitted by Rule 26 are "simple and provide protection for the parties and witnesses." *Marsh*, 141 F.R.D. at 433; *see also Westchester Surplus Lines Ins. Co. v. Interstate Underground Warehouse & Storage, Inc.*, 2017 WL 2313288, at *2 (W.D. Mo. May 18, 2017) (relying on *Marsh* to quash the subpoena *duces tecum*). Plaintiff has similarly expressed a concern that Defendant is attempting to "end-

run" around the Federal Rules to gain a "tactical advantage," and "wants everything under the sun." Doc. [165] at 4; Doc. [170] at 7.

The Court disagrees. Allowing a Rule 45 subpoena to be issued to an expert witness will not open the floodgates on discovery. In most cases, the disclosures under Rule 26(a)(2), along with the expert's deposition, is sufficient discovery for each party to advance their claims or defenses. The Federal Rules of Civil Procedure also provide numerous protections that parties and courts can employ to ensure that discovery tools are not abused. Rule 26(b)(1) limits what a party may obtain in discovery to relevant, proportional, and nonprivileged matters. *See, e.g.*, *United States v. Hamdan*, 910 F.3d 351, 358 (7th Cir. 2018) (holding district court did not err in quashing subpoenas where proposed testimony was irrelevant and could have caused confusion and prejudice); *Uppal v. Rosalind Franklin Univ. of Med. & Sci.*, 124 F. Supp. 3d 811 (N.D. Ill. 2015) (granting motion to quash calling for testimony from someone unlikely to possess any relevant information). Pursuant to Rule 26(b)(2)(C), a court must limit the extent or frequency of discovery if it finds that: (1) the discovery sought is unreasonably cumulative or duplicative or can be obtained from a source that is more convenient, less burdensome, or less expensive; (2) the party seeking discovery has had ample opportunity to obtain the information through discovery; or (3) the proposed discovery is outside the scope of Rule 26(b)(1). Fed. R. Civ. P. 26(b)(2)(C)(i)–(iii). Rule 26(c) also permits the court to grant a protective order in discovery. Specifically, "[a] party or any person from whom discovery is sought may move for a protective order in the court where the action is pending. ... The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c); *see also Seattle Times Co.*, 467 U.S. at 36 ("Rule 26(c) confers broad discretion on the trial court to decide when a protective order is appropriate and what degree of protection is required.").

Likewise, Federal Rule of Civil Procedure 45 allows a court to quash or modify a subpoena that imposes an undue burden. Fed. R. Civ. P. 45(c)(3). The court may quash or modify a subpoena if it requires: "(i) disclosing a trade secret or other confidential research, development, or commercial information; or (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party." Fed. R. Civ. P. 45(d)(3)(B). Additionally, Rule 45(d) instructs courts that they "must protect" non-parties "from significant expense resulting from compliance" with a subpoena. Fed. R. Civ. P. 45(d)(2)(B)(i)-(ii). Accordingly, courts have consistently held that "non-party status" is a significant factor to be considered in determining whether the burden imposed by a subpoena is undue. *See Little v. JB Pritzker for Governor*, 2020 WL 1939358, at *2 (N.D. Ill. Apr. 22, 2020); *see also Parker*, 291 F.R.D. at 188 ("courts give special weight to the unwanted burdens thrust upon non-parties when balancing competing needs"). Thus, the Federal Rules contemplate limitations on the scope, frequency, and extent of discovery, and allow for protective orders and motions to quash that will curtail and limit the use of Rule 45 documents subpoenas directed to testifying expert witnesses to situations where it is only relevant and proportional to the needs of the case.

### VI. Case Law Across the Country

In the Northern District of Illinois, one court has briefly addressed whether a Rule 45 document subpoena could be issued to an expert witness and concluded that it could, relying upon cases from other district courts. *See Expeditors Int'l of Washington, Inc.*, 2004 WL 406999, at *3 ("a subpoena *duces tecum* issued pursuant to Rule 45 is an appropriate discovery mechanism against nonparties such as a party's expert witness"). Defendant relies on *Expeditors* and similar cases to assert that her Rule 45 subpoena to Mr. Harmening in advance of his deposition was a

22

proper discovery mechanism. Doc. [168] at 4-8.  District courts across the country have also held that a Rule 45 document subpoena to a testifying expert witness is appropriate because the federal rules do not prohibit it, and the Advisory Committee Notes suggest that it is an available discovery tool as to nonparty expert witnesses. *See, e.g., Sullivan v. Target Corp.*, 2021 WL 9721274, at *3 (N.D. Ga. Mar. 31, 2021) (permitting use of a Rule 45 subpoena for expert discovery because the written requests "are proper requests for information within the scope of permissible discovery, as the information is relevant to the issues of bias and credibility"); *Torres v. Johnson & Johnson*, 2021 WL 256954, at *3 (D. Mass. Jan. 26, 2021) (finding defendants' Rule 45 subpoenas were an appropriate vehicle for compelling the production of responsive material in advance of an expert's deposition); *MLC Intell. Prop., LLC v. Micron Tech., Inc.*, 2019 WL 1318377, at *3 (N.D. Cal. Mar. 22, 2019) (relying on various case law to conclude defendant "is entitled to use a Rule 45 subpoena to seek relevant documents from [the expert witness] in his capacity as an expert witness"); *D'Souza v. Marmaxx Operating Corp.*, 2017 WL 1322243, at *5 (W.D. Tex. Apr. 7, 2017) (permitting "discovery of documents and information that are not enumerated in Rule 26(a)(2)(B), but have a close nexus to the items enumerated therein—so long as their discovery remains within the bounds of Rule 26(b)(1)"); *Marquette Transportation Co. Gulf-Island, LLC*, 2016 WL 659083, at *3-4 (permitting Rule 45 subpoena to expert witness where requests were sufficiently narrowed to produce relevant documents); *Cadle*, 2014 WL 12639859, at *4 ("Rule 26(b)(4) merely limits the scope of information and materials that may be obtained from a testifying expert witness. The rule in no way limits the means by which a party may obtain information and materials from a testifying expert witness."); *Modjeska*, 2014 WL 2807531, at *5 (requiring the production of expert discovery because "the approach in the Northern District of Illinois decisions is in accord with the liberal approach to discovery reflected by the Federal Rules

of Civil Procedure and the case law of the court of appeals for this circuit"); *Johnson v. Mead Johnson & Co., LLC*, 2012 WL 12894473, at \*6 (D. Minn. May 21, 2012) ("Fed. R. Civ. P. 26(a)(2) and 26(b)(4) contemplate that the expert reports constitute a minimum level of disclosure and does not prohibit a party using a subpoena duces tecum to obtain other discoverable information."); *United States v. Bazaarvoice, Inc*, 2013 WL 3784240, at \*3 (N.D. Cal. July 18, 2013) (holding the government can use a Rule 45 subpoena "to illuminate and challenge expert testimony"); *Collins v. Marriott Int'l, Inc.*, 2010 WL 11506136, at \*1 (S.D. Fla. Oct. 22, 2010) (allowing a Rule 45 subpoena *duces tecum* to testifying expert to "discover information about that expert, and his opinions, beyond what the expert is compelled to produce with his expert report"); *Smith v. Transducer Tech., Inc.*, 2000 WL 1717332, at \*2 (D.V.I. July 3, 2000) (explaining that "a Notice of Deposition to the opposing party is not a proper vehicle to compel production of documents from an expert witness at such expert's deposition. A Rule 45 subpoena duces tecum in conjunction with a properly noticed deposition may do so (subject however to any Rule 26 limitations"); *All W. Pet Supply Co. v. Hill's Pet Prod. Div., Colgate-Palmolive Co.*, 152 F.R.D. 634, 639 (D. Kan. 1993) ("With regard to nonparties such as plaintiff's expert witness, a request for documents may be made by subpoena *duces tecum* pursuant to Rule 45."); *Fisher-Price, Inc. v. Safety 1st, Inc.*, 217 F.R.D. 329, 331-32 (D. Del. 2003) (finding expert eligible for reimbursement because "[i]t is irrelevant that [plaintiff] employed a subpoena pursuant to Rule 45 as a prelude to discovery under Rule 26, as Rule 45 governs merely the procedural aspects of serving subpoenas, including those related to the deposition of a third party expert under Rule 26"); *Western Res., Inc.*, 2002 WL 1822428, at \*3, 5 (requiring expert to respond to three subpoena requests where they were sufficiently narrow and would not impose an undue burden); *Quaile v. Carol Cable Co.*, 1992 WL 277981, at \*2 (E.D. Pa. Oct. 5, 1992) (requiring expert's response to

subpoena *duces tecum* because documents were mentioned in expert's depositions "as being related to his opinion in the current case[,]" and "in respect to possible cross-examination, defendants' requests are designed to elicit information specifically related to the testimony of Plaintiff's expert with respect to his expected testimony"). The Court finds the reasoning of these cases persuasive and generally the weight of the authority across the country leans towards permitting Rule 45 subpoenas to expert witnesses.

Where courts have reached the opposing conclusion, they have tended to rely upon the district court's holding in *Marsh*. 141 F.R.D. at 432 (concluding "Rule 26(b)(4) remains a limitation on the right of access by an opposing party to the evidence of experts who have been retained to testify in the case, and that the discovery of the facts and opinions of those experts cannot obtain solely under Rule 45"); *see also Spencer v. Greenwald*, 2022 WL 2180052, at *3 (D. Idaho June 15, 2022); *Westchester Surplus Lines Ins. Co.* 2017 WL 2313288, at *2; *Hartford Fire Ins. Co. v. Pure Air on the Lake Ltd. P'ship*, 154 F.R.D. 202, 210 (N.D. Ind. 1993). Plaintiff likewise relies on *Marsh* and its progeny in his Motion to Quash. Doc. [165] at 3-4. The Court does not find the reasoning in *Marsh* persuasive—the opinion dealt with the issuance of a subpoena to an expert that strangely did not involve a subsequent deposition, only cursorily analyzed the text and comments to Rules 26 and 45, and rather paradoxically determined that a Rule 45 subpoena for documents to an expert in conjunction with a deposition request *would be appropriate*.[4] The Court also respectfully suggests that many of these cases limit expert discovery to Rule 26(a)(2) not as a result of its text, but rather based on a policy preference to prevent excessive discovery practices. As this Court has discussed, such a result is not true to the text of the Federal Rules of Civil Procedure and the fear of abusive discovery can be managed with other applicable federal

---

[4] As discussed above, and contrary to *Marsh*, this Court does not find any restrictions, explicit or implied, in Rule 26(b)(4) that prevent a Rule 45 subpoena to an expert witness.

rules, as courts regularly do with all discovery practices.

## Conclusion

The Court's decision to permit the issuance of a Rule 45 subpoena for documents to a testifying expert witness is supported by the text of Rules 26 and 45, the Advisory Committee Notes, surrounding discovery rules, the purpose of the rules, and the substantial weight of existing case law. Accordingly, the Court declines to quash the subpoena issued to Mr. Harmening. Moreover, at this time, Plaintiff's motion to quash is based only on the one argument presented here. Plaintiff has not put forward substantive arguments about whether any specific document request is irrelevant, not proportional to the needs of the case, or is unduly burdensome. Thus, nothing in the Court's opinion here should be taken to suggest that the specific requests identified are appropriate. Given that the parties have not yet had a meet and confer on the specific requests, the Court orders the parties to engage in a Local Rule 37.2 conference on the issued subpoena. The Court encourages the parties to resolve any disputes on specific requests through compromise, and without further judicial intervention. If there are particular requests that remain in dispute after the meet-and-confer conference, the parties can then bring a motion to compel or a motion to quash.

For the foregoing reasons, Plaintiff's Motion to Quash [165] is denied.

**SO ORDERED.**

Dated: January 6, 2023

_____
Sunil R. Harjani
United States Magistrate Judge